■ 5TH & 46TH Co., Appellant, v DUSENBERRY, RURIANI & KORNHAUSER, INC., et al., Respondents.—Order, Supreme Court, New York County, entered December 28, 1976, granting defendants' motion to dismiss the second, third, fourth, and fifth causes of action of the amended complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion denied with $60 costs and disbursements of this appeal payable to appellant by respondents. Denial of the motion at this stage is without prejudice to renewal after discovery proceedings, if counsel is so advised. Dusenberry, Ruriani & Kornhauser, Inc. (DR&K) had entered into a 10-year lease agreement with the predecessor-in-interest of the plaintiff, 5th & 46th Co. (the owner). DR&K was in the advertising business and had been negotiating a merger with another advertising firm known as The Clyne Company, Incorporated (Clyne). The merger was never effectuated *de jure.* DR&K defaulted on the lease agreement. The owner brought this suit containing five causes of action. The first cause of action was against DR&K alone, alleging a breach of the lease agreement and seeking approximately $40,000 damages. This first cause of action is not the subject of this appeal. The four remaining causes of action seeking the same damages allege that the individual principals of DR&K were employed by Clyne and that they transferred all of the accounts and assets of DR&K to Clyne. This transfer of personnel and assets, it is claimed, effectuated a *de facto* merger, leaving behind the corporate shell of DR&K incapable of satisfying any obligation under the lease agreement. The gravamen of the complaint seeks recovery on behalf of the owner from Clyne for the remaining liability under the DR&K lease agreement, on the premise that Clyne is now the alter ego of DR&K and assumed, at least impliedly, the obligations of DR&K. Clyne and the individual defendants moved to dismiss the second through fifth causes of action on the basis of the bar of the

Statute of Frauds and for failure to state a cause of action (CPLR 3211, subd [a], pars 5, 7). Special Term granted the motion, though not on the basis urged by counsel. The court stated that "[t]he complaint contains conclusions of law but no ultimate facts on which liability can be predicated are pleaded". We would reverse. We find that the allegations of the complaint, as synopsized above, contain allegations of sufficient ultimate facts which could lead to the conclusion that DR&K has survived *de facto* through Clyne in an effort to defeat the owner's rights under the lease agreement. The affidavit submitted by the defendants is that of an officer of Clyne but not one of the named individual defendants. While the affidavit contains a general denial of the allegations in the complaint, it does admit that negotiations for a *de jure* merger of DR&K and Clyne took place; that the *de jure* merger was not effectuated; that the former principals of DR&K are now affiliated with Clyne; and that the former clients of DR&K are now clients of Clyne. The full factual picture can best be obtained through pretrial discovery (CPLR 3211, subd [d]), and we find therefore that it was improvident at this juncture to dismiss the last four causes of action of the complaint. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.