■ Paul H. Fitzgerald, Appellant, v Fahnestock & Co., Inc., Respondent. [730 NYS2d 70] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered June 29, 2000, which granted defendant's motion to dismiss based on documentary evidence and for failure to state a cause of action,

unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

This case involves the issue of whether an acquiring corporation may become responsible for the pre-existing liabilities of an acquired corporation through application of the de facto merger doctrine.

Plaintiff obtained an arbitration award and judgment for severance pay against his former corporate employer. He was initially unable to enforce the judgment as that corporation had sold all its assets in return for a percentage of the future revenues of another corporation, Vantage Securities. By the time plaintiff had set aside that transfer as fraudulent under Debtor and Creditor Law § 278 (1) (a), served Vantage with a garnishment and obtained a further judgment, he discovered that all of Vantage's assets had been transferred to defendant Fahnestock & Co., Inc., rendering Vantage unable to satisfy his judgment.

This action was thereafter commenced alleging that defendant had merged with Vantage, rendering it responsible for Vantage's liabilities, including his judgment. On defendant's motion, the IAS court held that the de facto merger doctrine was inapplicable: (1) since Vantage had never been legally dissolved; (2) the matter herein involved contract breach rather than tort; (3) the documentary evidence of defendant's purchase of all shares of Vantage revealed no mention of the transfer of any of Vantage's assets to defendant; and (4) defendant was obligated under its stock purchase contract to cause Vantage to continue operations for some period of time after the stock sale.

The de facto merger doctrine creates an exception to the general principle that an acquiring corporation does not become responsible thereby for the pre-existing liabilities of the acquired corporation. This doctrine is applied when the acquiring corporation has not purchased another corporation merely for the purpose of holding it as a subsidiary, but rather has effectively merged with the acquired corporation. The hallmarks of a de facto merger include: continuity of ownership; cessation of ordinary business and dissolution of the acquired corporation as soon as possible; assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and, continuity of management, personnel, physical location, assets and general business operation (*Sweatland v Park Corp.*, 181 AD2d 243, 245-246).

Not all of these elements are necessary to find a de facto

merger. Courts will look to whether the acquiring corporation was seeking to obtain for itself intangible assets such as good will, trademarks, patents, customer lists and the right to use the acquired corporation's name (*see, Wensing v Paris Indus.*, 158 AD2d 164). The concept upon which this doctrine is based is "that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" (*Grant-Howard Assocs. v General Housewares Corp.*, 63 NY2d 291, 296).

While a stock purchase agreement alone is insufficient to establish a merger (*see, Irving Bank Corp. v Bank of N. Y. Co.*, 140 Misc 2d 363, 367), the documents here submitted by defendant only establish that it bought the stock, not that it did not then proceed to merge Vantage's assets with its own. The IAS court erred in holding that there could be no de facto merger where the subsidiary is not legally dissolved. So long as the acquired corporation is shorn of its assets and has become, in essence, a shell, legal dissolution is not necessary before a finding of a de facto merger will be made (*see, e.g., Ladenburg Thalmann & Co. v Tim's Amusements*, 275 AD2d 243, 248; *Sweatland v Park, supra; 5th & 46th Co. v Dusenberry, Ruriani & Kornhauser*, 57 AD2d 791).

The IAS court erred when it limited the de facto merger doctrine to tort actions since it has been squarely held applicable in breach of contract actions (*Ladenburg Thalmann & Co. v Tim's Amusements, supra*). Plaintiff has alleged that: defendant acquired all of Vantage's stock; shortly after acquisition Vantage ceased issuance of its own annual audited financial report; instead, defendant subsequently included such information in defendant's annual report; Vantage's trading, compliance, legal and management departments were subsumed into defendant's; the National Association of Securities Dealers registration of Vantage's employees was transferred in bulk to defendant; and, Vantage withdrew its membership from the New York Stock Exchange and surrendered its broker dealer number for purposes of trading and thereafter conducted trades under the defendant's broker dealer number.

Such allegations, if subsequently proven, would demonstrate that defendant rendered Vantage incapable of doing business except through defendant, i.e., that defendant had rendered Vantage a mere "shell" and that a de facto merger had been accomplished. Taking the complaint as a whole, it appears that plaintiff has set forth sufficient allegations to survive a motion to dismiss. Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.