■ ROBIN LEVENHERZ, Appellant, et al., Plaintiffs, v LEE POVINELLI et al., Defendants, and AMERICAN SKANDIA LIFE AS-SURANCE CORPORATION, Respondent. [789 NYS2d 295]—

In an action, inter alia, to rescind an annuity contract and to recover damages for fraud, the plaintiff Robin Levenherz, individually and as trustee of the Robin Bett Levenherz Irrevoc-able Trust, appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered July 25, 2003, as granted those branches of the motion of the defendant American Skandia Life Assurance Corporation pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the sixth and seventh causes of action asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the de-fendant American Skandia Life Assurance Corporation which were to dismiss the sixth and seventh causes of action asserted against it are denied, and those causes of action are reinstated.

The appellant contends that Lee Povinelli, acting as agent for American Skandia Life Assurance Corporation (hereinafter Skandia), procured an annuity contract for her from Skandia in violation of provisions of the Insurance Law. She further alleges that she did not see or sign relevant documents upon which her signature was forged. The sixth cause of action alleges that Skandia violated "statutory, regulatory and common law obliga-tions for the sale" of its annuity, including selling the product in New York without a license to do so, failure to deliver the contract or any relevant prospectus, and failure to give proper notice of the "free look" period which exists after delivery of the contract. The seventh cause of action alleges that Skandia was liable, inter alia, for the actions of the defendant Povinelli "for its own failure to maintain and enforce a reasonably ade-quate system of internal supervision and control over" Povinelli.

On a motion to dismiss pursuant to CPLR 3211, a plaintiff is accorded " 'the benefit of every possible favorable inference' " (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002], quoting *Leon v Martinez*, 84 NY2d 83, 87 [1994]). A motion to dismiss based upon documentary evidence (*see* CPLR 3211 [a]

[1]) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y., supra* at 326).

There is no documentary evidence in the record that Povinelli was not an agent for Skandia. Moreover, the plaintiffs allege fraudulent conduct which may constitute a basis for granting relief (*see CPC Intl. v McKesson Corp.,* 70 NY2d 268 [1987]; *Brenkus v Metropolitan Life Ins. Co.,* 309 AD2d 1260 [2003]).

In view of the foregoing, the plaintiffs' sixth and seventh causes of action asserted against Skandia should not have been dismissed. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.