■ WASHINGTON MUTUAL BANK, F.A., Appellant, v SIB MORTGAGE CORP., Respondent. [801 NYS2d 821]—

In an action to enforce a money judgment, the plaintiff ap-

peals from an order of the Supreme Court, Kings County (Demarest, J.), dated June 18, 2004, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On or about April 28, 2000, Brucha Mortgage Bankers Corp. (hereinafter Brucha), a nonparty mortgage broker and warehouse lender jointly owned by Yisroel Rabinowitz and Baruch Rabinowitz, voluntarily relinquished its mortgage banking license and became inactive. Three days earlier, on April 25, 2000, Yisroel Rabinowitz entered into a regional manager employment agreement with the defendant, pursuant to which he agreed, inter alia, to operate "SIB Mortgage Corp. d/b/a Universal Home Mortgage" (hereinafter UHM) as a branch of the defendant and to originate mortgage loans utilizing its license. He subsequently hired most of Brucha's former employees to work for UHM at what was previously Brucha's office.

On February 25, 2002, the plaintiff's predecessor, Fleet Mortgage, a division of Fleet National Bank, obtained a judgment against Brucha in the total sum of $25,716,787.99 upon its default in appearing. On January 14, 2004, the plaintiff commenced this action seeking to enforce the February 25, 2002, judgment against the defendant. It contends that the April 25, 2000, employment agreement constituted a de facto merger, and that the defendant is therefore liable for Brucha's debt pursuant to the doctrine of successor liability.

"The hallmarks of a de facto merger include: continuity of ownership; cessation of ordinary business and dissolution of the acquired corporation as soon as possible; assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and, continuity of management, personnel, physical location, assets and general business operation" (*Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 574 [2001]; *Arnold Graphics Indus., Inc. v Independent Agent Ctr., Inc.*, 775 F2d 38 [1985]).

In the context of products liability actions against a successor corporation, some courts have been flexible in the application of these factors (*see Cargo Partner AG v Albatrans, Inc.*, 352 F3d 41 [2003]; *Sweatland v Park Corp.*, 181 AD2d 243, 246 [1992]; *Employee Relations Assoc. v Xperius, Inc.*, 196 Misc 2d 485 [2003]). However, in non-tort actions, "continuity of ownership is the essence of a merger" (*Cargo Partner AG, supra* at 47; *see Matter of New York City Asbestos Litig.*, 15 AD3d 254 [2005]) and here, the terms of the employment agreement establish the lack of continuity of ownership as a matter of law. Moreover,

while Rabinowitz agreed, in effect, to insure the defendant against any prospective losses UHM incurred, the defendant "did not acquire [Brucha's] liabilities" (*Sands Bros. & Co. v Ettinger,* 2004 WL 541846, *4, 2004 US Dist Lexis 4243, *12 [SD NY 2004]).

Therefore, liberally construing the plaintiff's complaint and according it the benefit of every possible favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]), the Supreme Court properly granted the defendant's motion to dismiss the complaint since "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *Levenherz v Povinelli,* 14 AD3d 658, 659 [2005]). Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur. [*See* 4 Misc 3d 1001(A), 2004 NY Slip Op 50594(U) (2004).]