David Simpson et al., Respondents, v Ithaca Gun Company LLC et al., Appellants. [856 NYS2d 397]—

Appeal from an order of the Supreme Court, Livingston County (Kenneth R. Fisher, J.), entered December 13, 2006. The order, insofar as appealed from, granted in part plaintiffs' motion seeking leave to amend the complaint and partial summary judgment and denied in part defendants' cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, the cross motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs, former employees of defendant Ithaca Gun Company LLC (Ithaca Gun), commenced this action alleging, inter alia, that Ithaca Gun, which had become insolvent, owed money to plaintiffs and that defendants IGC

Recovery LLC (IGC Recovery) and Ithaca Outdoors LLC (Ithaca Outdoors) were responsible for that debt by virtue of the de facto merger of Ithaca Gun with IGC Recovery and Ithaca Outdoors. Supreme Court determined that there was a de facto merger of Ithaca Gun and IGC Recovery and granted those parts of plaintiffs' motion seeking partial summary judgment on behalf of plaintiffs David Simpson and Richard Mangan with respect to several causes of action, and the court also granted that part of plaintiffs' motion seeking leave to amend the complaint. We conclude that the court should have denied plaintiffs' motion in its entirety and instead should have granted defendants' cross motion for summary judgment dismissing the complaint in its entirety.

"The de facto merger doctrine creates an exception to the general principle that an acquiring corporation does not become responsible thereby for the pre-existing liabilities of the acquired corporation. This doctrine is applied when the acquiring corporation has not purchased another corporation merely for the purpose of holding it as a subsidiary, but rather has effectively merged with the acquired corporation" (*Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 574 [2001]; *see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245 [1983]). The premise that a successor corporation may be responsible for the liabilities of a predecessor corporation is "based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" (*Grant-Howard Assoc. v General Housewares Corp.*, 63 NY2d 291, 296 [1984]).

Here, the record establishes that IGC Recovery did not acquire Ithaca Gun or purchase its assets and goodwill. Rather, IGC Recovery was a secured creditor of Ithaca Gun and accepted surrender of Ithaca Gun's assets in accordance with certain security agreements (*cf. Schumacher*, 59 NY2d at 244-245; *Matter of New York City Asbestos Litig.*, 15 AD3d 254, 255-256 [2005]; *Fitzgerald*, 286 AD2d 574; *Sweatland v Park Corp.*, 181 AD2d 243, 244 [1992]). Although for at least several weeks after Ithaca Gun's assets were surrendered to IGC Recovery, orders were filled and repairs were completed at the Ithaca Gun facility by Ithaca Gun employees, it is undisputed that within approximately six months thereafter IGC Recovery had surrendered assets to another secured creditor of Ithaca Gun, to which IGC Recovery had subordinated its position as a secured creditor. It also is undisputed that IGC Recovery sold the remaining assets of Ithaca Gun, including inventory and the

trademark and intellectual property, and that the operations at the Ithaca Gun facility had ceased. Thus, we cannot agree with the court that there was a de facto merger of IGC Recovery and Ithaca Gun. Rather, the record establishes that IGC Recovery exercised its rights under the security agreements to dispose of the collateral that secured Ithaca Gun's indebtedness to IGC Recovery. The court therefore should have granted those parts of defendants' cross motion for summary judgment dismissing the complaint in its entirety against Ithaca Gun and IGC Recovery, as well as against the individual named defendants, Ithaca Gun's managing members.

We further conclude that the court should have granted the remainder of defendants' cross motion, seeking summary judgment dismissing the complaint against Ithaca Outdoors. The only member of Ithaca Outdoors was IGC Recovery, and the record establishes that Ithaca Outdoors merely paid certain operating expenses of Ithaca Gun and that its bank account was utilized by IGC Recovery to deposit the proceeds of the sale of the assets of Ithaca Gun. Thus, defendants established as a matter of law that there was no de facto merger of Ithaca Outdoors and Ithaca Gun, and plaintiffs failed to raise an issue of fact sufficient to defeat that part of the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Finally, we conclude that the court abused its discretion in granting that part of plaintiffs' motion seeking leave to amend the complaint to add a defendant and a cause of action alleging a breach of fiduciary duty by the individual defendants who, as noted, were the managing members of Ithaca Gun. Plaintiffs sought to invoke the trust fund doctrine in support thereof (*see generally Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 549-550 [2000]), and we conclude that the application of that doctrine to this case is "patently lacking in merit" (*Letterman v Reddington*, 278 AD2d 868 [2000]). Present— Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.