Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered September 14, 2011, which granted plaintiffs-respondents ’ motion for summary judgment for a declaration that Bush Boake Allen Inc. (BBA) bears successor corporate liability in certain underlying actions and is therefore entitled to insurance coverage under a policy issued by defendant St. Paul Protective Insurance Company, and denied St. Paul’s motion for summary judgment dismissing the complaint on the grounds that BBA is not entitled to such insurance coverage, and, order and judgment (one paper), same court, Justice and date, which granted plaintiffs-respondents’ motion for summary judgment for a similar declaration as against defendant American Guarantee and Liability Insurance Company, and denied American Guarantee’s motion for summary judgment declaring that BBA is not entitled to such insurance coverage, unanimously reversed, on the law, plaintiffs’ motions denied, defendants motions granted, the declarations vacated, and it is declared that the respective defendants have no duty to defend or indemnify plaintiffs-respondents in the underlying actions.
In January 1990, plaintiff BBA purchased all the common stock in its competitor, Food Materials Corporation (FMC), an Illinois corporation engaged in the distribution, manufacture and/or sale of butter flavoring products, in exchange for $10 million in cash. FMC remained an independent and viable legal entity, retaining all of its pre-acquisition assets, obligations and liabilities, until January 1991, when BBA dissolved it, took its assets, and continued to operate the FMC business as before, until the closure of FMC’s Chicago facility in 2002.
In 2004 and 2006, plaintiffs-respondents were sued in underlying actions by plaintiffs who alleged that they sustained injuries as a result of work-related exposure to certain butter flavoring products at a microwave popcorn packaging facility in Illinois. When evidence emerged that FMC supplied butter flavoring to the facility during the time of the underlying plaintiffs’ exposures, plaintiff-respondent International Flavors *855 & Fragrances, Inc., BBA’s parent company, notified the defendant insurers who had provided policies to FMC during the relevant time frame, demanding coverage.
The motion court erroneously granted plaintiffs-respondents’ request for a declaration of coverage on a finding that BBA had acquired the relevant FMC liabilities and insurance policy protections based on the doctrine of de facto merger. Rather than relying on New York and other out-of-state case law that materially differs from Illinois’s “rigorous” de facto merger law (see Knoll Pharm. Co. v Automobile Ins. Co., 167 F Supp 2d 1004, 1011 n 9 [ND Ill 2001]) and applying a “flexible” approach that would permit a finding of a de facto merger in the instant circumstances (see Arnold Graphics Indus., Inc. v Independent Agent Ctr., Inc., 1985 WL 211, *8, 1985 US Dist LEXIS 23201, *23 [SD NY 1985], affd 775 F2d 38 [2d Cir 1985]; Fitzgerald v Fahnestock & Co., 286 AD2d 573 [2001]; Sweatland v Park Corp., 181 AD2d 243, 246 [1992]), the motion court should have utilized Illinois law to analyze the facts of this case. Although the Illinois Supreme Court has not addressed the specific factual scenario presented here, Illinois courts have fashioned a limited de facto merger exception to the general common law prohibition against successor liability requiring a showing that: (1) the seller ceased its ordinary business operations and dissolved; (2) the buyer assumed the seller’s liabilities and obligations necessary for uninterrupted continuation of business; (3) there is a continuity of shareholders; and (4) there is a continuity of the business enterprise, including management, employees, location, general business operations, and assets (see Gray v Mundelein Coll., 296 Ill App 3d 795, 808, 695 NE2d 1379, 1388-1389 [1st Dist 1998], lv denied 179 Ill 2d 582, 705 NE2d 436 [1998]). The Illinois courts have strictly enforced the exception, applying it only when all of the factors are met (see Gray v Mundelein Coll., 296 Ill App 3d at 808, 695 NE2d at 1388-1389; North Shore Gas Co. v Salomon Inc., 152 F3d 642 [7th Cir 1998], overruled on another ground), and have been “distinctly unreceptive” to expansions of successor liability (Amann v Sylvania Aero Enters., 1989 WL 152951, *5, 1989 US Dist LEXIS 14069, *12-13 [ND Ill 1989]).
Here, the third factor, “continuity of shareholders,” which requires that the seller’s shareholders receive shares of the buyer’s stock as payment for the seller’s assets (see Mamacita, Inc. v Colborne Acquisition Co., LLC, 2011 WL 881654, *4, 2011 US Dist LEXIS 25146, *10 [ND Ill 2011]), is absent. Thus, under Illinois law, the doctrine of de facto merger does not apply. In the absence of such a merger, there is no basis for BBA’s as *856 sumption of FMC’s pre-dissolution liabilities or for a finding that BBA succeeded to rights under the FMC Insurer’s policies. Concur — Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.