# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1039**

**CA 12-00617**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, AND CARNI, JJ.

---

HAMILTON EQUITY GROUP, LLC, AS ASSIGNEE OF
HSBC BANK USA, NATIONAL ASSOCIATION,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JUAN E. IRENE, PLLC, ET AL., DEFENDANTS,
AND JUAN E. IRENE, INDIVIDUALLY AND DOING
BUSINESS AS THE LAW OFFICE OF JUAN E.
IRENE, ESQ., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (CHARLES
D.J. CASE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered May 31, 2011. The judgment, insofar as appealed from, awarded plaintiff money damages against defendant Juan E. Irene, individually and doing business as The Law Office of Juan E. Irene, Esq.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously vacated and the order entered May 31, 2011 insofar as appealed from is reversed on the law without costs.

Memorandum: Plaintiff commenced this action seeking to collect the outstanding balance owed on a line of credit by defendant Juan E. Irene, PLLC (hereafter, PSLLC), a domestic professional service limited liability company. Plaintiff moved for summary judgment against defendants, jointly and severally, in the principal amount of $124,984.37 together with interest, costs and attorneys' fees. Plaintiff also moved for an order of replevin and a writ of seizure with respect to certain secured collateral. Juan E. Irene, individually and doing business as The Law Office of Juan E. Irene, Esq. (defendant), appeals from a judgment that brings up for review the underlying order granting plaintiff's motion in its entirety. As limited by his brief, defendant contends that Supreme Court erred in granting that part of plaintiff's motion for summary judgment against him. We agree with defendant.

On November 25, 2002, the PSLLC entered into a business line of

credit agreement with a bank.  Pursuant to a general security agreement, the PSLLC granted the bank a security interest in the PSLLC's assets, accounts and other intangible property.  Defendant executed the line of credit and security agreements in his capacity as the sole member of the PSLLC.  Defendant, however, neither cosigned nor guaranteed the line of credit in his individual capacity.  On May 27, 2009, the bank assigned the PSLLC's line of credit to plaintiff.  On June 3, 2009, the PSLLC was dissolved by the filing of articles of dissolution with the New York State Department of State.

It is undisputed that, following the dissolution of the PSLLC, defendant engaged in the practice of law in his individual capacity at the same location where the PSLLC had been located and under an assumed name, i.e., "DBA," "The Law Office of Juan Irene, Esq."  Personal injury cases previously handled by the PSLLC were transferred to defendant's law practice, and defendant does not dispute that plaintiff has a security interest in a portion of the attorney's fees that may be generated by those personal injury cases.  After the dissolution of the PSLLC, plaintiff thereafter commenced this action.  As relevant to these appeals, plaintiff moved for summary judgment seeking a money judgment for the amount outstanding on the line of credit together with interest, costs and attorneys' fees.  The court, concluding that defendant was liable to plaintiff as a "successor by merger" to the PSLLC, granted the motion and judgment was entered thereon.

Defendant contends that the court erred in granting that part of plaintiff's motion for summary judgment against him because plaintiff failed to establish that the de facto merger doctrine applies.  We agree.  Initially, we note that, although the parties did not originally brief the issue whether the de facto merger doctrine imposes successor liability on an individual or sole proprietorship allegedly merging with a domestic professional service limited liability company, at oral argument this Court directed the parties to make supplemental submissions on that issue, and they have done so.  Thus, the issue of the applicability of the de facto merger doctrine to plaintiff's successor liability claim against defendant is properly before us (see 22 NYCRR 1000.11 [g]).

The "corporate law doctrine" of de facto merger was originally developed to protect, inter alia, shareholder rights, but it has been applied in products liability and breach of contract actions (*Sweatland v Park Corp.*, 181 AD2d 243, 246; *see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245; *Washington Mut. Bank, F.A. v SIB Mtge. Corp.*, 21 AD3d 953, 954; *Ladenburg Thalmann & Co. v Tim's Amusements*, 275 AD2d 243, 247-248).  The doctrine "creates an exception to the general principle that an acquiring corporation does not become responsible thereby for the [preexisting] liabilities of the acquired corporation" (*Simpson v Ithaca Gun Co., LLC*, 50 AD3d 1475, 1476, *lv denied* 11 NY3d 709 [internal quotation marks omitted]).

We reject plaintiff's contention that the de facto merger doctrine renders defendant liable to plaintiff as a successor by

merger to the PSLLC. Inasmuch as the PSLLC was a New York professional service limited liability company created pursuant to Limited Liability Company Law article 12, any merger or consolidation between defendant and the PSLLC would be governed by that article. Pursuant to Limited Liability Company Law §§ 1213 and 1216, a professional service limited liability company may, under certain circumstances, be merged or consolidated with another limited liability company, a foreign professional service limited liability company or some "other business entity." Limited Liability Company Law § 102 (v) defines "[o]ther business entity" as "any person *other than a natural person* or domestic limited liability company" (emphasis added), and the statute therefore specifically excludes a professional service limited liability company from being merged or consolidated with a "natural person" (§ 102 [v]; *see* §§ 1213, 1216). Here, defendant is clearly a "natural person," despite the fact that he practices law under an assumed name and the fact that his law practice is characterized as a "sole proprietorship" (*see generally Steele v Hempstead Pub Taxi*, 305 AD2d 401, 401; *Kaczorowski v Black & Adams*, 293 AD2d 358, 358-359). Thus, even if defendant and the PSLLC desired to be merged, rather than having such merger imposed upon them by a judicially created doctrine, such a merger could not be accomplished under the Limited Liability Company Law.

Notably, although invited to do so by this Court, plaintiff has not identified any New York authority that permits a New York corporation or professional service limited liability company to merge with an individual doing business as a "sole proprietorship," i.e., a natural person, or that imposes a merger under the de facto merger doctrine. Instead, in support of its position, plaintiff cites *Tift v Forage King Industries, Inc.* (108 Wis 2d 72, 73-74, 322 NW2d 14, 14-15), wherein the court applied successor liability in a products liability action that involved the acquisition of the assets of a sole proprietor by a corporation. The court in *Tift* decided that action based upon the public policy and common law of the state of Wisconsin (*id.* at 82-83). We are unpersuaded by *Tift*. Significantly, the New York Business Corporation Law limits mergers to corporations and "other business entities" (§ 901 [c] [1]). The term "[o]ther business entity," as defined under the Business Corporation Law, excludes "a natural person" (§ 901 [b] [7]). Thus, under New York law, neither a professional limited liability company nor a corporation is permitted by statute to merge with a "natural person," individual or "sole proprietorship."

We therefore vacate the judgment insofar as appealed from and reverse the underlying order insofar as appealed from.

Entered: December 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court