# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**682**

**CA 14-01679**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF HAMILTON EQUITY GROUP, LLC, AS
ASSIGNEE OF HSBC BANK USA, NATIONAL ASSOCIATION,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JOSEPH A. ABLES, JR., RESPONDENT,
JUAN E. IRENE, PLLC, AND JUAN E. IRENE,
INDIVIDUALLY AND DOING BUSINESS AS THE LAW OFFICE
OF JUAN E. IRENE, ESQ., RESPONDENTS-RESPONDENTS.

---

RUPP, BAASE, PFALZGRAF & CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR PETITIONER-APPELLANT.

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered January 15, 2014. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the petition is reinstated.

Memorandum: Petitioner commenced this proceeding seeking a turnover order pursuant to CPLR 5225 (b). In a prior action, Supreme Court awarded petitioner money damages against Juan E. Irene, PLLC (PLLC) and Juan E. Irene, individually and doing business as the Law Office of Juan E. Irene, Esq. (respondent), as well as an order of replevin and a writ of seizure covering any attorneys' fees that would be paid by certain clients of the PLLC. Respondent appealed from the judgment in that action insofar as the judgment awarded money damages against him, and he appealed from the order insofar as it granted that part of petitioner's motion seeking summary judgment against him. We vacated the judgment and reversed the order "insofar as appealed from" (*Hamilton Equity Group, LLC v Juan E. Irene, PLLC*, 101 AD3d 1703, 1703).

We agree with petitioner that the court erred in dismissing the petition. The petition sought to recover attorneys' fees owing to the PLLC from one of the clients listed in the order of replevin. Our prior order did not affect the judgment and order entered against the PLLC. Indeed, we noted that respondent "does not dispute that

[petitioner] has a security interest in a portion of the attorney[s'] fees that may be generated by those personal injury cases" (*id.* at 1704).

Entered:  June 12, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court