R&D Electronics, Inc. v NYP Mgt., Co., Inc. (2018 NY Slip Op 04151)





R&D Electronics, Inc. v NYP Mgt., Co., Inc.


2018 NY Slip Op 04151


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


564 CA 17-01819

[*1]R & D ELECTRONICS, INC., PLAINTIFF-RESPONDENT,
v
NYP MANAGEMENT, CO., INC., DEFENDANT. 
CATTARAUGUS COUNTY BANK, INTERPLEADER PLAINTIFF-RESPONDENT,
v
NYP AG SERVICES CO., INC., INTERPLEADER DEFENDANT-APPELLANT. 






KEENAN LAW CENTRE, P.C., HAMBURG (JOHN J. KEENAN OF COUNSEL), FOR INTERPLEADER DEFENDANT-APPELLANT. 
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (MARK C. DAVIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
CONGDON, PERREAULT, DOHL & RICKERT, SALAMANCA (THOMAS W. RICKERT OF COUNSEL), FOR INTERPLEADER PLAINTIFF-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered December 29, 2016. The order and judgment, among other things, granted in part the motion of plaintiff R & D Electronics, Inc. for partial summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in its entirety and as modified the order and judgment is affirmed without costs.
Memorandum: Interpleader plaintiff, Cattaraugus County Bank (Bank), commenced this interpleader action to determine whether funds deposited into the bank account of interpleader defendant, NYP Ag Services Co., Inc. (NYP Ag), should be used to satisfy a judgment obtained by plaintiff, R & D Electronics, Inc. (R & D), against defendant, NYP Management, Co., Inc. (NYP Management). R & D loaned money to NYP Management, an animal feed business, in August 2010. In January 2013, R & D filed a summons and notice of motion for summary judgment in lieu of complaint against NYP Management. NYP Management failed to appear, the motion was granted, and a judgment in the amount of approximately $290,000 was entered in favor of R & D against NYP Management in May 2013. R & D served a "restraining notice with information subpoena" on the Bank. On June 6, 2013, Dwayne Gier, the operations manager of NYP Management, started a new company, NYP Ag. Gier, the President and sole shareholder of NYP Ag, continued the animal feed business that NYP Management had run, but there was never any asset purchase agreement between the two corporations. Gier opened an account at the Bank in the name of NYP Ag and made various deposits. In early September 2014, the Bank reviewed NYP Ag's account and determined that many checks made payable to NYP Management were deposited into NYP Ag's account. The Bank placed a hold on the account, which had a balance of $63,000.18, and commenced this interpleader action against NYP Ag. We note that, although the Bank named only one claimant instead of the required two (see CPLR 1006 [a]), judgment creditor R & D, the unnamed claimant, filed an answer to the interpleader complaint and sought [*2]judgment against the Bank and NYP Ag.
R & D moved for summary judgment in the interpleader action requesting that Supreme Court apply the money at issue in partial satisfaction of R & D's judgment and seeking a determination that, pursuant to the de facto merger doctrine, any and all assets of NYP Ag should be used to satisfy the judgment against NYP Management. NYP Ag cross-moved to compel the deposition of R & D's President or, in the alternative, for summary judgment determining that the money at issue belonged to NYP Ag. The court granted the motion in part by ordering the Bank to pay the money at issue to R & D, denied the remainder of the motion, and denied the cross motion. NYP Ag now appeals.
Initially, NYP Ag does not challenge the court's denial of that part of its cross motion to compel the deposition of R & D's President, and thus it has abandoned any contention with respect to that part of its cross motion (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We agree with NYP Ag that the court erred in granting the motion in part, and we therefore modify the order and judgment accordingly. "In general, a corporation that acquires another corporation's assets is not liable for its predecessor's contract liabilities" (Eastern Concrete Materials, Inc./NYC Concrete Materials v DeRosa Tennis Contrs., Inc., 139 AD3d 510, 512 [1st Dept 2016]; see Schumacher v Richards Shear Co., 59 NY2d 239, 244-245 [1983]; Hamilton Equity Group, LLC v Juan E. Irene, PLLC, 101 AD3d 1703, 1704-1705 [4th Dept 2012]). There are four exceptions to this general rule. A corporation may be held liable if: "(1) it expressly or impliedly assumed the predecessor's [contract] liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" (Schumacher, 59 NY2d at 245; see Meadows v Amsted Indus., 305 AD2d 1053, 1054 [4th Dept 2003]). The second and third exceptions are "based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" (Grant-Howard Assoc. v General Housewares Corp., 63 NY2d 291, 296 [1984]; see Simpson v Ithaca Gun Co. LLC, 50 AD3d 1475, 1476 [4th Dept 2008], lv denied 11 NY3d 709 [2008]).
In moving for summary judgment, R & D relied on the second exception, i.e., the de facto merger doctrine. "Traditionally, courts have considered several factors in determining whether a de facto merger has occurred: (1) continuity of ownership; (2) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (3) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (4) a continuity of management, personnel, physical location, assets, and general business operation" (Sweatland v Park Corp., 181 AD2d 243, 245-246 [4th Dept 1992]; see Ivory Dev., LLC v Roe, 135 AD3d 1216, 1223 [3d Dept 2016]; Washington Mut. Bank, F.A. v SIB Mtge. Corp., 21 AD3d 953, 954 [2d Dept 2005]).
In support of its motion, R & D submitted the deposition testimony of Gier, who testified that he withdrew the balance (approximately $90,000) in NYP Management's accounts at the Bank in early June 2013. He testified that NYP Ag assumed approximately $400,000 in liabilities that NYP Management owed to vendors and satisfied those liabilities. Gier explained that NYP Ag assumed those liabilities so that the vendors would supply product to NYP Ag, and NYP Ag in turn could deliver product to its customers. Gier testified that any accounts receivable of NYP Management that were collected by NYP Ag were used to satisfy the vendor liabilities. Gier's deposition testimony also established that the management and employees were the same for both corporations; NYP Ag operated out of the same locations that NYP Management had operated; NYP Ag used the same vehicles that NYP Management had used; NYP Ag used the same post office box, cell phone service, internet service, and electric service that NYP Management had used; and the vendors and customers of both corporations were the same. R & D, however, failed to establish that there was continuity of ownership between the two corporations. In fact, in opposition to the motion, NYP Ag established that there was no continuity of ownership. NYP Ag submitted the affidavit of Gier, who averred that NYP Management was owned by Susan Coppings, whereas NYP Ag is owned by Gier. The two corporations do not share the same officers, directors, or shareholders. Gier was a long-term employee of NYP Management who appeared essentially to run the business, but he did not have any ownership interest therein.
In Sweatland, we explained that "[p]ublic policy considerations dictate that, at least in the context of tort liability, courts have flexibility in determining whether a transaction constitutes a de facto merger. While factors such as shareholder and management continuity will be evidence that a de facto merger has occurred . .
. , those factors alone should not be determinative" (Sweatland, 181 AD2d at 246 [emphasis added]; see Lippens v Winkler Backereitechnik GmbH [appeal No. 2], 138 AD3d 1507, 1509-1510 [4th Dept 2016]). However, courts have held that, "in non-tort actions, continuity of ownership is the essence of a merger' " (Washington Mut. Bank, F.A., 21 AD3d at 954 [emphasis added]), and is a necessary predicate to finding a de facto merger (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 150 AD3d 490, 490-491 [1st Dept 2017]; Matter of TBA Global, LLC v Fidus Partners, LLC, 132 AD3d 195, 209 [1st Dept 2015]). Here, inasmuch as R & D failed to establish continuity of ownership, it failed to establish that there was a de facto merger between the two corporations (see Eastern Concrete Materials, Inc./NYC Concrete Materials, 139 AD3d at 513).
We reject the contention of NYP Ag that the court erred in denying that part of its cross motion seeking summary judgment. In support of its cross motion, NYP Ag failed to establish as a matter of law that the third exception, i.e., the mere continuation of the selling corporation, did not apply and that NYP Ag is therefore not liable for R & D's judgment against NYP Management (see generally Schumacher, 59 NY2d at 245; Wass v County of Nassau, 153 AD3d 887, 888 [2d Dept 2017]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court