Harriet Tubman Gardens Apt. Corp. v H.T. Dev. Corp. (2021 NY Slip Op 01357)





Harriet Tubman Gardens Apt. Corp. v H.T. Dev. Corp.


2021 NY Slip Op 01357


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 652532/14 Appeal No. 13289 Case No. 2019-5937 

[*1]Harriet Tubman Gardens Apartment Corporation, Plaintiff-Appellant-Respondent,
v
H.T. Development Corporation, et al., Defendants, Bluestone Organization, Defendant-Respondent-Appellant.
Bluestone Organization, Inc, Third-Party Plaintiff-Respondent-Appellant,
v
N. Wexler, P.E., Inc., et al., Third-Party Defendants-Respondents, Job Opportunities For Women, Inc., et al., Third-Party-Defendants.


Law Office of Michael E. Hatchett, New York (Michael E. Hatchett of counsel), for appellant-respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York (Michael J. White of counsel), for Bluestone Organization, Inc., respondent-appellant.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered July 8, 2019, which insofar as appealed from, granted defendant Bluestone Organization's motion for summary judgment dismissing all claims against it, unanimously reversed, on the law, with costs, and the motion denied.
Issues of fact exist as to whether defendant Bluestone Organization may be held liable as the alter ego or successor in interest to defendant H.T. Development Corporation (HT Development) (see generally Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]; Fitzgerald v Fahnestock & Co., 286 AD2d 573, 574 [1st Dept 2001]). There is evidence that HT Development was a special purpose vehicle created to manage the subject building development, that Bluestone and HT Development were owned and run by many of the same people and used the same physical address, that HT Development was dissolved in 2005, and that persons identifying themselves as employees of Bluestone took over its remediation duties after the dissolution. There is also evidence, in the form of Bluestone's own allegations in its third-party complaint, that remediation contractors were contractually required to indemnify and procure insurance on its behalf. Although Bluestone submitted evidence that it has no employees or property, that it is separate and distinct from HT Development, that it was not a party to any of the relevant contracts, and that the persons plaintiff dealt with may have casually referred to themselves as employees of Bluestone but were at all times employed by nonparty Banta Homes Corp., this evidence is not conclusive and presents questions of fact and credibility that cannot be resolved at this stage.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021