Radium2 Capital, LLC v Xtreme Natl. Maintenance Corp. (2022 NY Slip Op 01259)





Radium2 Capital, LLC v Xtreme Natl. Maintenance Corp.


2022 NY Slip Op 01259


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 158086/19 Appeal No. 15173 Case No. 2020-04562 

[*1]Radium2 Capital, LLC, Formerly Known as Radium2 Capital, Inc., Plaintiff-Respondent,
v
Xtreme National Maintenance Corp., et al., Defendants-Appellants, All About Maintenance Inc., et al., Defendants.


Joseph J. Haspel, PLLC, Middletown (Joseph J. Haspel of counsel), for appellants.
Stein Adler Dabah & Zelkowitz, LLP, New York (Christopher R. Murray of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about June 5, 2020, which denied the motion by defendants Xtreme National Maintenance Corp. and Doreen DeSilva to dismiss the complaint as against them, unanimously modified, on the law, to mark the motion as denied without prejudice as to those defendants, and with leave to renew after the conclusion of jurisdictional discovery, which is hereby ordered, and otherwise affirmed, without costs.
Plaintiff sufficiently alleged that All About Maintenance Inc. (AAM) and Xtreme completed a de facto merger by alleging that AAM transferred its assets to Xtreme, without adequate consideration, after which Xtreme continued AAM's business, in the same form and at the same address (see Fitzgerald v Fahnestock & Co., 286 AD2d 573, 574 [1st Dept 2001]; Herlihy v A.F. Supply Corp., 2013 NY Slip Op 30010[U], *9 [Sup Ct, NY County 2013], affd sub nom. Matter of New York City Asbestos Litig., 112 AD3d 529 [1st Dept 2013]). That AAM's status was still listed as "active" in a Florida Department of State report is not dispositive because "[s]o long as the acquired corporation is shorn of its assets and has become, in essence, a shell, legal dissolution is not necessary before a finding of a de facto merger will be made" (see Fitzgerald, 286 AD2d at 575).
Although ownership technically changed from Joseph DeSilva to Doreen DeSilva, plaintiff's allegations that Joseph and Doreen were married and operated Xtreme out of their shared home, and that both effectively owned and managed both companies, support the inference that this change was in name only. The same allegations are also sufficient to support an inference that AAM and Xtreme were alter egos (see Avilon Auto. Group v Leontiev, 168 AD3d 78, 89 [1st Dept 2019]; see also Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]). However, the allegations are insufficient to definitively prove successor or alter ego jurisdiction. As a result, the relationship between AAM and Xtreme will need to be further explored in jurisdictional discovery. Based on the allegations, facts may also exist justifying the exercise of personal jurisdiction over Doreen DeSilva on a successor or alter ego theory, thereby
warranting jurisdictional discovery as to both defendants (see Peterson v Spartan Indus., Inc., 33 NY2d 463, 466-467 [1974]; Avilon Auto. Group, 168 AD3d at 89).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022