**Eloquence Corp. v Elba Jewelry Servs., LLC**

2024 NY Slip Op 33907(U)

October 31, 2024

Supreme Court, New York County

Docket Number: Index No. 654526/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK                              PART               11M

*Justice*

-------------------------------------------------------------------------------X

ELOQUENCE CORPORATION,                          INDEX NO.            654526/2022

                    Plaintiff,                              MOTION DATE         02/29/2024

                                                           MOTION SEQ. NO.          002
         - v -

ELBA JEWELRY SERVICES, LLC,BERNARD BACHOURA,
ELBA JEWELRY DESIGN CENTER, LLC,FIORI              **DECISION + ORDER ON**
DIAMONDS LLC                                              **MOTION**

                    Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for _____ DISMISS _____.

This action arises out of an alleged breach of a consignment agreement. Defendants, Elba Jewelry Services, LLC ("Elba Services"), Bernard Bachoura ("Mr. Bachoura"), Elba Jewelry Design Center, LLC (the "Design Center") and Fiori Diamonds LLC ("Fiori Diamonds")(collectively the "Defendants") move to dismiss the second through sixth causes of action in the complaint pursuant to CPLR § 3211 (a) (7) for failure to state a cause of action. Plaintiff opposes the instant motion. For the reasons set forth below, the motion to dismiss is granted in part.

Background

Plaintiff and defendant, Elba Jewelry Services, LLC, d/b/a/ Sophia Fiori, entered into a Consignment Agreement dated September 15, 2015. Plaintiff contends that defendants failed to pay for goods as required by the agreement and subsequent invoices, leaving an amount due and owing of 129,182.50 plus interest as required by the agreement.

Defendant Mr. Bachoura is the owner and principal officer of Elba, the Design Center, and Fiori Diamonds. Plaintiff contends that the Design Center and Fiori Diamonds are successors and mere continuations of Elba.

Standard of Review

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the Court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *See Leon v Martinez*, 84 NY2d 83 [1994].

*Breach of Contract-First Cause of Action*

To state a claim for breach of contract, a plaintiff must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages. *VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 A.D.3d 49, 58 [1st Dept 2013].

The complaint sufficiently alleges that plaintiff and defendant Elba had a valid contract, however, the complaint fails to state a cause of action as to the remaining defendants. Although the complaint alleges that the first cause of action is alleged as against all of the corporate defendants, the contract simultaneously provides that it was signed by "both parties" specifically "plaintiff and Elba". *See* Complaint ¶52. Accordingly, the first cause of action for breach of contract is dismissed as against all defendants except Elba[1].

*Account Stated-Second Cause of Action*

---

[1] Although defendants' memorandum of law contends that all but the first cause of action should be dismissed, the notice of motion requests dismissal of the complaint in its entirety, without limitation, thus the Court addresses the first cause of action for completeness.

"To state a claim for an account stated, the plaintiff must plead that: '(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated.'" *Nat'l Econ. Research Assocs. v. Purolite "C" Corp.*, 2011 U.S. Dist. LEXIS 24458, *6-7. The second and third elements "may be implied if 'a party receiving a statement of account keeps it without objecting to it within a reasonable time." *Id*.

Here, plaintiff did plead a sufficient account stated claim by alleging that it issued Elba outstanding invoices, and those invoices were retained without object and that "Elba […] acknowledged the sums owed". *See* Complaint ¶61-62 These allegations are not objected by defendants.

Defendants do not contend that this cause of action is duplicative of the breach of contract claim, rather based on the pleadings plaintiff has not adequately pled a cause of action as against any defendant other than Elba. Consequently, as with the first cause of action, the complaint fails to state a cause of action as against defendants the Design Center and Fiori diamonds.

### *Unjust Enrichment-Third Cause of Action*

"To state a cause of action for unjust enrichment, a plaintiff must demonstrate "that (1) defendant was enriched, (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit defendant to retain what is sought to be recovered.'" *Farina v Bastianich*, 116 AD3d 546, 548 [1st Dept 2014] (internal citations omitted.)

Defendants contend that this cause of action is invalid because there is an undisputed contract that governs the dispute between the parties. In opposition, plaintiff argues that it should be allowed to plead in the alternative when the underlying agreement is in dispute. That is not the issue here. Defendants have conceded that there is a binding consignment agreement

between plaintiff and defendant Elba, accordingly, the unjust enrichment cause of action is dismissed.

### *Fraudulent Inducement and Fraud-Fourth and Fifth Causes of Action*

"For a fraudulent inducement cause of action to be viable, it must be demonstrated that there was a false representation, made for the purpose of inducing another to act on it, and that the party to whom the representation was made *justifiably* relied on it and was damaged. *Perrotti v Becker, Glynn, Melamed & Muffly LLP*, 82 AD3d 495, 495 [1st Dept 2011].

Moreover, "[t]o establish fraud, a plaintiff must show 'a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" *Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 151 AD3d 83 at 85 [1st Dept 2017]. "The element of justifiable reliance is 'essential' to any fraud claim" [internal citations omitted]. *Id.* Further, CPLR § 3016(b) provides that when a cause of action is based upon fraud "the circumstances constituting the wrong shall be stated in detail."

Here, plaintiff failed to plead a sufficient fraud and fraudulent inducement claim. Even if the Court agrees with plaintiff that the statements made by defendant Mr. Bachoura that Elba was financially solvent were made falsely with the intent to induce plaintiff into entering the consignment agreement, the complaint fails to allege how reliance on this statement was reasonable. Notwithstanding, the complaint does not allege damages based on the alleged material misrepresentations, the damages are based on defendants' failure to perform under the contract and submit payments for the items sold. Further, plaintiff alleges that the fraudulent conduct was the statement that Elba was working on securing financing to pay plaintiff. Plaintiff contends that

based on that statement it did not immediately take steps to initiate a collection action. It is clear, that the fraud claim is duplicative of the breach of contract cause of action. Accordingly, the causes of action for fraud and fraudulent inducement are insufficiently pled to withstand the motion to dismiss.

### *Successor Liability-Sixth Cause of Action*

Plaintiff's sixth cause of action alleges successor liability based on mere continuation. The First Department has held the "the mere-continuation and de-facto-merger doctrines are so similar that they may be considered a single exception"(*Matter of TBA Global, LLC v Fidus Partners, LLC*, 132 AD3d 195, 211, n 17 [1st Dept 2015]). "The *de facto* merger doctrine creates an exception to the general principle that an acquiring corporation does not become responsible thereby for the pre-existing liabilities of the acquired corporation" (*Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 574 [1st Dept 2001]). It is well established that courts consider the following factors to determine whether the doctrine of *de facto* merger applies: (1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation; (3) assumption by the successor of the liabilities for the continuation of the business of the acquired corporation; and (4) continuity of personnel, physical location, general business operation. *Id*.

The complaint fails to state a cause of action for successor liability as a matter of law. Although it does not appear disputed that Mr. Bachoura is the principal of the other two corporate entities, there are no allegations that Elba is dissolved and no longer conducting business and that the other two entities acquired any assets of Elba. Accordingly, it is hereby

ORDERED that the complaint is dismissed in its entirety as to defendants Bernard Bachoura, Elba Jewelry Design Center, LLC and Fiori Diamonds LLC; and it is further

[* 5]

ORDERED that the action is severed and continued against the remaining defendant, except that the third through sixth causes of action are dismissed as against the remaining defendant; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20241031144246LFRANKA649827C6D594024AE0C3B5202B8E53B

| 10/31/2024 | | | | | |
|---|---|---|---|---|---|
| DATE | | | LYLE E. FRANK, J.S.C. | | |
| CHECK ONE: | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | X GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |