One River Run Acquisition, LLC v Milde (2025 NY Slip Op 03653)

One River Run Acquisition, LLC v Milde

2025 NY Slip Op 03653

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Index No. 653389/22|Appeal No. 4596-4597|Case No. 2024-06572, 2025-00959|

[*1]One River Run Acquisition, LLC etc., et al., Plaintiffs/Counterclaim-Defendants-Respondents,
v
Simon Milde et al., Defendants, The Greenwich Group International, LLC, etc., Defendant/Counterclaim-Plaintiff-Appellant, Orra Keystone Investments, LLC, et al. Counterclaim-Defendants-Respondents. 

Glenn Agre Bergman & Fuentes LLP, New York (Jed I. Bergman of counsel), for appellant.
Brown Rudnick LLP, New York (Lauren Tabaksblat and Andrew T. Sutton of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about September 24, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiffs One River Run Acquisition, LLC (ORRA), and Shervin Rashidi, Ryan Geller, and Scott Russell (together, the ORRA Individuals) to dismiss the breach of contract counterclaim of defendant Greenwich Group International, LLC (GGI) against counterclaim-defendant ORRA Keystone Investments, LLC, unanimously reversed, on the law, with costs, the motion denied, and the breach of contract counterclaim reinstated. Supplemental order, same court and Justice, entered September 26, 2024, which granted the branch of the above motion to dismiss the fraudulent transfer and tortious interference counterclaims against the ORRA Individuals and the fraud counterclaim against Russell, unanimously reversed, on the law, with costs the motion denied, and the counterclaims reinstated.
Supreme Court should not have dismissed the fraudulent conveyance counterclaim against the ORRA Individuals. Under the parties' letter agreement, GGI and ORRA were to form a joint venture to develop a ski resort at a Colorado property owned by ORRA. The venture was to be treated as a partnership in which ORRA and GGI were to share equal control. The project was to be housed under a new company to be managed by another new entity that was to be formed by GGI and ORRA. Half of the revenues earned by the new managing entity were to be distributed to GGI.
Despite the letter agreement, which GGI reasonably reads to contemplate that the venture would hold the property, ORRA transferred the property to insiders, divesting the project of its principal asset and allegedly making ORRA judgment proof. ORRA does not claim to have received reasonably equivalent value for the transfer, and it is sufficiently alleged that, after the transfer, ORRA's assets were unreasonably small in relation to the business of developing the project and honoring ORRA's obligations to GGI under the letter agreement.
Thus, according GGI the benefit of every possible favorable inference, the actual and constructive fraudulent conveyance counterclaims should not have been dismissed, whether under Colorado or New York law (see Leverage Leasing Co. v Smith, 143 P3d 1164, 1165 [Colo App 2006]; 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 606 [1st Dept 2024]).
ORRA's supplemental filings do not utterly refute the fraudulent conveyance allegations. While they suggest that ORRA transferred the property to the ORRA Individuals as a first step in a simultaneous set of transfers that led to Keystone owning the property, that does not refute that ORRA gave the property for no consideration, effecting a fraudulent conveyance. Indeed, ORRA does not respond to GGI's argument that the ORRA Individuals may be liable for fraudulent conveyance even absent any direct personal benefit because they were "first transferees" within the [*2]meaning of the Colorado Uniform Fraudulent Transfer Act § 38-8-109(2) and the New York Debtor and Creditor Law § 277(b)(1)(i).
The personal liability waiver in the letter agreement does not bar the tort counterclaims based on the intentional wrongdoing alleged at issue (see Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 385 [1983]; Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 177 [1st Dept 2013]).
The court should not have dismissed the tortious interference with contract counterclaim against the ORRA Individuals because it is sufficiently alleged that they "took acts outside the scope of their employment for personal profit" (Manhattan Chrystie St. Dev. Fund, LLC v 215 Chrystie Invs. LLC, 227 AD3d 621, 622 [1st Dept 2024]).
The court should not have dismissed the fraud counterclaim against Russell. In addition to the alleged fraudulent conveyance, GGI alleges that ORRA and Russell misrepresented how much cash equity ORRA had invested in the project and that GGI relied on that stated amount when signing the letter agreement. "In actions for fraud, corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud" (Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001]). This claim is not duplicative of the breach of contract counterclaim (see Wyle Inc. v ITT Corp., 130 AD3d 438, 439 [1st Dept 2015]; First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 292 [1st Dept 1999]). Whether GGI justifiably relied on the cash equity statement cannot be resolved on this motion to dismiss (see DirecTV, LLC v Nexstar Broadcasting, Inc., 230 AD3d 439, 441 [1st Dept 2024]).
The court also should not have dismissed the breach of contract counterclaim against Keystone as a potential successor of ORRA. In Schumacher v Richards Shear Co. (59 NY2d 239 [1983]), the Court of Appeals identified four exceptions to the "general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor" (id. at 244). GGI sufficiently raises the second Schumacher exception based on the de facto merger doctrine (see Fitzgerald v Fahnestock & Co., 286 AD2d 573, 574 [1st Dept 2001]). The counterclaims sufficiently allege that ORRA was shorn of its assets and became, in essence, a shell (id. at 575). "[L]egal dissolution is not necessary" (id.). Furthermore, the ORRA Individuals managed the project before, and it is not disputed that they continue to do so through their ownership in Keystone. GGI also sufficiently raises the fourth Schumacher exception based on the fraudulent conveyance counterclaim (see Tap Holdings, 109 AD3d at 177).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025