OPINION OF THE COURT
Joseph P. Kuszynski, J.
Defendant and third-party plaintiff Tread Mill, Inc. (Tread *491 Mill), and third-party defendant, Performance Parts Warehouse, Inc. (Performance), move pursuant to CPLR 3211 (subd [a], par 8) for dismissal of plaintiff Wager’s action upon the ground that his summons is defective in that it does not show the name of the court and county of jurisdiction.
The litigation arises from an automobile accident occurring on May 2, 1974. Two days before the Statute of Limitations ran out, the summons in question was served on April 30, 1977 upon Tread Mill. The complaint was received by the attorney for Tread Mill on September 28, 1977. On October 28, 1977 it interposed its answer and commenced its third-party action against Performance which in turn submitted its answer on December 19,1977. Subsequently, plaintiff pursuant to a demand supplied a bill of particulars to the defendants. It is to be noted that the instant notice of motion is dated June 16, 1978.
Tread Mill and Performance, citing Tamburo v P & C Food Markets (36 AD2d 1017), maintain the summons of April 30, 1977 is jurisdictionally defective and void and request that it be dismissed, which would in fact result in barring plaintiff’s lawsuit as the Statute of Limitations has run.
This court is in full accord with the rationale of Tamburo that a failure to name the court in which the action is brought is "a jurisdictional defect and not a mere defect in form” which renders the summons void, and cannot be cured by amendment.
However, even a defect which voids personal jurisdiction can be waived if the defendant fails to object by motion prior to his answer or appears by way of answer without objecting to the defect. (CPLR 320, subd [b]; 3211, subd [e].)
The defendant in Tamburo raised the question of the lack of personal jurisdiction in a timely manner in its answer. In the situation before us defendants not only answered without preserving their objection to the jurisdictional defect, but delayed for some six months in bringing this motion under CPLR 3211 (subd [a], par 8).
This court must conclude the defendants herein have waived their objections to the lack of personal jurisdiction by failing to meet the requirement of CPLR 3211 (subd [e]).
Defendants’ motions are denied.