■ PAUL J. ANDERSON et al., as Coadministrators of the Estate of SCOTT M. ANDERSON, Deceased, Respondents, v ANTHONY T. MONTICUP, III, et al., Appellants, et al., Defendants. —Harvey, J.

On July 28, 1981, plaintiffs' son was involved in a motorcycle collision. Two days later, he died as a result of injuries received in the accident. On July 27, 1984, plaintiffs' attorney delivered a summons with notice to the Sheriff of Saratoga County for service on the various defendants pursuant to CPLR 203 (b) (5). The caption of the summons with notice specified the court as "Surrogate's Court, County of Saratoga". However, it appears from the record that the "blue-back" or "litigation-back" into which the summons with notice was placed specified the court as "Supreme Court County of Saratoga". Furthermore, the caption of the subsequently served complaint specified "Supreme Court County of Saratoga" as the forum where the action was commenced.

Defendants Anthony T. Monticup, Jr., Anthony T. Monticup, III, and Carole Monticup (hereinafter defendants) made a motion in Supreme Court to dismiss the complaint on the grounds that the court had neither subject matter nor personal jurisdiction. In response, plaintiffs asserted that the complaint clearly stated that the action was to proceed in Supreme Court and thus requested an order entitling them to amend their pleadings. Special Term implicitly recognized that the action had been commenced in Surrogate's Court and, relying on NY Constitution, article VI, § 19 (a) and CPLR 325 (a), removed the action to Supreme Court. This appeal by defendants ensued.

NY Constitution, article VI, § 19 (a) and CPLR 325 (a) require that an action or proceeding be "originated or pending" or "commenced" in order for Supreme Court to order a transfer. An action or proceeding is commenced in Surrogate's Court by the filing of a petition (SCPA 203; *Matter of Scanlon*, 2 Misc 2d 65, 69). Nothing in the record indicates that plaintiffs ever filed a petition with Surrogate's Court; thus, there was not a properly commenced action or proceeding in Surrogate's Court and, consequently, nothing to transfer.

Having concluded that a transfer of the action was not appropriate, we consider next whether plaintiffs should be allowed to amend the summons. Leave to correct a defect in form is to be freely given unless a substantial right of a party is prejudiced (CPLR 2101 [f]). The erroneous designation of an incorrect court in the caption of a summons is a defect in form if the defendants are afforded adequate notice of the forum, in which the action is actually pending *(Tobia v Town of Rockland,* 106 AD2d 827, 829-830; *Williamson, Picket, Gross v Hirschfeld,* 92 AD2d 289, 295-296, *appeal dismissed* 60 NY2d 585). Here, the "litigation-back" into which the summons with notice was placed and the subsequently served complaint both showed Supreme Court as the forum where the action was pending. Defendants have not indicated any way in which allowing plaintiffs' request to amend the summons would prejudice them. Hence, we deem it appropriate to grant plaintiffs leave to amend their summons to reflect Supreme Court as the court of record.

Order modified, on the law, without costs, by reversing so much thereof as transferred the action from the Surrogate's Court of Saratoga County to Supreme Court; plaintiffs are granted leave to amend their summons to reflect Supreme Court as the court of record; and, as so modified, affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.