OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented by this motion is whether the service of a summons and complaint in which the caption states "Supreme Court of the State of New York”, but fails to specify the venue of the action, or the basis for any venue, is void and a jurisdictional defect which is not subject to amendment.
Plaintiff moves for a default judgment, and defendant cross-moves to dismiss on various grounds, but principally for lack of jurisdiction.
Defendant argues that since neither the summons, complaint nor affidavit of service state the venue of the action, nor is the basis of any venue specified, the court lacks personal jurisdiction over defendant. Plaintiff contends that since the *664 served papers specify the court (Supreme Court of the State of New York), the failure to specify venue is a mere irregularity that can be corrected.
Defendant’s claims examiner avers that after receipt of the summons and complaint in January 1988, he contacted the office of plaintiff’s counsel to advise of the problem and was told that revised papers would be served. No papers were thereafter served in this action until plaintiff moved in January 1989 for a default judgment. Plaintiff’s counsel avers that he telephoned the claims examiner to request that he amend the papers by inserting New York County as the venue. However, counsel does not state when the call was made.
DISCUSSION
All of the cases cited by the parties involved situations where not only was the venue omitted, but the name of the court was not stated. In Tamburo v P & C Food Mkts. (36 AD2d 1017 [4th Dept 1971]), the court in dismissing the action said that a "summons which fails to name the court in which the action is brought is void”. A similar result ensued in Scott v Uljanov (140 AD2d 830 [3d Dept 1988]). In Wager v Tread Mill (95 Misc 2d 490 [Sup Ct, Erie County 1978]), the court came to the same conclusion, but found that defendant waived the jurisdictional defect. However, in Tobia v Town of Rockland (106 AD2d 827, 829-830 [3d Dept 1984]) it was held that if it be true, as averred by plaintiffs, that before service on defendants was effected, "they notified the court and all defendants that their papers were amended to read Supreme Court in the caption * * * the failure to name the court in the original caption [would be considered] to be merely a defect in form which may be disregarded, absent a showing of prejudice (CPLR 2101, subd [f])”.
In Anderson v Monticup (124 AD2d 320 [3d Dept 1986]) the summons with notice specified the court as "Surrogate’s Court, County of Saratoga”, while the " 'litigation-back’ ” into which the summons was inserted read "Supreme Court County of Saratoga”. The subsequently served complaint also specified the Supreme Court. Finding no prejudice, plaintiff was permitted to amend the summons to reflect the proper court, it being stated that the "erroneous designation of an incorrect court in the caption of a summons is a defect in form if the defendants are afforded adequate notice of the forum in which the action is actually pending” (supra, at 321).
*665 In Archer v Astra Pharm. Prods. (133 Misc 2d 804 [Sup Ct, NY County 1986]), the venue was set forth, but the summons did not comply with the CPLR 305 (a) requirement that it specify the basis of the venue designated. The court denied a motion to dismiss finding that the omission was not "essential” and could be treated as an irregularity susceptible to amendment, and not a jurisdictional defect.
Thus, the parties have not cited, nor has the court found, any case where the sole defect in the summons was the failure to set forth the venue of the action. If an improper venue had been set forth, it is well settled that such defect would not be jurisdictional (e.g., Murphy v Murphy, 137 Misc 2d 760 [Sup Ct, Richmond County 1987]; Matter of Ronan v Levitt, 73 Misc 2d 35 [Sup Ct, Albany County 1973]; Flush Metal Partition Corp. v Nuovo Corp., 57 Misc 2d 900 [Sup Ct, Queens County 1968]; see also, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C509:1, at 69).
With respect to the problems faced by a defendant when venue is missing, it is noted that if this action had been instituted in the New York City Civil Court, where the answer is required to be filed with the clerk of the court, the failure to specify the venue would prevent a defendant from knowing where to file. Such situation does not prevail in this court where the answer is not filed, but only served upon plaintiffs counsel. However, a somewhat similar problem does exist for a defendant in a Supreme Court action who would wish to move to dismiss. Without a venue designation, he would not be in a position to know in which county to make the application.
CONCLUSION
In light of the lack of any binding precedent, the court will, in light of the absence of any prejudice demonstrated by defendant, employ the rationale of the Third Department in Tobia v Town of Rockland (supra, at 829-830) and consider the failure to set forth any venue "to be merely a defect in form which may be disregarded, absent a showing of prejudice”. Since in that case the issue related to the failure to insert the name of any court (although significantly the plaintiff there allegedly advised the defendant of the proper court prior to service), the failure here to designate venue, normally a nonjurisdictional issue, should not result in a dismissal. Instead the court will deem the summons and complaint *666 amended to designate New York County as the venue of the action.
The foregoing is without prejudice to defendant subsequently moving for a change of venue. Defendant shall have 20 days after service of a copy of this order to serve its answer, or otherwise move with respect to the complaint.
Since there is no merit to the other grounds upon which defendant seeks dismissal, its motion is denied, as is plaintiffs application for a default judgment.