■ JASON COLEMAN, Respondent, v RICK VANSTEEN et al., Appellants. [643 NYS2d 264]—Order unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff commenced this action by the service of a summons with notice upon defendants on November 8 and 11, 1994, to recover damages for personal injuries he allegedly sustained on July 24, 1993. The summons with notice designated "City Court City of Utica" as the forum of the action. Following defendants' appearance in the action, plaintiff served his complaint, which also designated "City Court City of Utica" as the forum.

Plaintiff subsequently moved in Supreme Court, Oneida County, for an order pursuant to CPLR 305 (c) permitting him

to amend the summons and complaint to designate "Supreme Court Oneida County" as the correct forum of the action and deeming the action commenced when the summons with notice was filed in the Oneida County Clerk's Office. Alternatively, plaintiff sought an order pursuant to CPLR 306-b permitting him to effect service upon defendants on or before March 21, 1995 "with purchase of an additional index number". Plaintiff's counsel averred that he intended to commence the action in Supreme Court and that the incorrect designation of "City Court City of Utica" was a "mere irregularity and insubstantial defect". He argued that the action should be deemed commenced on July 22, 1994, the date on which he filed the summons with notice in the Oneida County Clerk's Office and purchased an index number. Plaintiff's motion pursuant to CPLR 305 (c) was granted.

We reverse. The court lacked authority to grant the motion to amend the summons and complaint because it never "acquired jurisdiction to begin with" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:4, at 264). Moreover, the court's reliance on *Anderson v Monticup* (124 AD2d 320) is misplaced because that case is factually distinguishable from the present case in several important respects. There, unlike here, the action had not actually been commenced in the erroneously designated forum. Moreover, there, both the "blue-back" into which the summons was placed and the complaint designated the intended forum. Thus, it was held that "defendants [were] afforded adequate notice of the forum, in which the action is actually pending" (*Anderson v Monitcup, supra,* at 321). In the present case, no such notice was afforded. Moreover, there it was determined that "[d]efendants have not indicated any way in which allowing plaintiffs' request to amend the summons would prejudice them" (*Anderson v Monticup, supra,* at 321). Here, however, defendants have interposed the Statute of Limitations as an affirmative defense, which would be unavailable to them if plaintiff's motion were granted. Therefore, prejudice to defendants would be manifest if plaintiff's motion were granted. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Amend Pleadings.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.