■ CHRIS CARDINALE, Appellant, v WOOLWORTH'S, INC., Respondent. WOOLWORTH CORPORATION, Third-Party Plaintiff-Respondent, v GERICO SYSTEMS, INC., Third-Party Defendant-Respondent. [758 NYS2d 296] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 17, 2002, which, inter alia, denied plaintiff's motion pursuant to CPLR 2005 for an order vacating the court's prior judgment dismissing this personal injury complaint upon plaintiff's default, and, upon vacatur, granting plaintiff leave to amend the complaint to add a necessary party and new claims and to issue a supplemental summons to correct a misnomer and to add a new party, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, plaintiff's motion for leave to vacate the judgment dismissing the complaint granted, the complaint reinstated, and plaintiff's motion for leave to amend granted.

This is a personal injury action seeking damages resulting from a trip and fall down stairs at a Woolworth's store in 1996 when plaintiff was working on an air conditioning system. On a September 2000 return date for motions to dismiss and for leave to serve a supplemental pleading, counsel for plaintiff failed to appear since his one-month-old daughter was undergoing an emergency medical procedure for a spinal tap and his partner mistakenly appeared in the wrong location due to an office diary error.

The IAS court improvidently exercised its discretion in denying plaintiff's motion to vacate the judgment that dismissed the complaint since plaintiff set forth a reasonable excuse for the default and since the underlying negligence claim is meritorious (*Perez v New York City Hous. Auth.*, 290 AD2d 265 [2002]). The store manager acknowledged in his deposition that store employees had previously left mops or brooms hanging on the handrails of the staircase where plaintiff tripped, the very condition claimed by plaintiff to have caused his trip and fall. The IAS court also erred in finding that plaintiff's cross motion to amend would have to be denied since this action was not properly commenced.

Plaintiff commenced this action in September 1996 by filing a summons and complaint in the New York County Clerk's office, naming "Woolworth's Inc." as the defendant and owner/operator of the premises where the accident occurred. On the copy of the summons and complaint that was served by the Secretary of State, the words "Woolworth Corporation s/h/a" were handwritten before "Woolworth's Inc." The affidavit of service filed with the clerk's office named "Woolworth Corporation" as the defendant and the papers were served at the address for Woolworth Corporation. The store actually was leased and operated by "F.W. Woolworth Co.," a subsidiary of Woolworth Corporation. The entity named in the original summons and complaint, "Woolworth's Inc.," does not exist. The answer to this complaint was filed on behalf of defendants "Woolworth's Inc. and Woolworth Corp."

While defects in filing are waived if a party appears and litigates on the merits, the nonfiling of papers necessary to institute the action is typically a nonwaivable, jurisdictional defect (*Matter of Montecalvo v Columbia County*, 274 AD2d 868, 869-870 [2000], *lv denied* 95 NY2d 767 [2000]). Where, however, defendants have "failed to reject the defective pleadings * * * and proceeded to litigate * * * for [over 3] years before bringing the summary judgment motion on this ground," they have "waived any claim of a defective filing" (*Nardi v*

*Hirsh*, 250 AD2d 361, 364 [1998]). Defendant should have been estopped since it knew from the outset that but for a mistake, the action would have been properly brought. The answer listed as defendants both Woolworth's, Inc. and Woolworth Corp. with a corporate verification signed by an officer of F.W. Woolworth Co., Inc. The defendant itself intermixed these corporate names and waited until the limitations period had expired before interposing its jurisdictional objection. Concur—Buckley, P.J., Tom, Rosenberger, Lerner and Marlow, JJ.