OPINION OF THE COURT
Michael C. Lynch, J.
By notice of motion returnable April 27, 2010, defendant seeks an order pursuant to CPLR 3211 (a) (5) dismissing this action as barred by the statute of limitations. Plaintiff has opposed the application and filed a separate motion returnable May 7, 2010, seeking an order pursuant to CPLR 305 (c) amending her summons nunc pro tunc. Oral argument was held on September 28, 2010.
Plaintiffs underlying action is premised on purported violations of the New York State Human Rights Law and negligence attendant her demotion on March 13, 2007. Each of these claims is governed by a three-year statute of limitations (CPLR 214 [2], [5]), expiring March 13, 2010.
This controversy centers on plaintiffs initial filing of a summons and complaint on January 6, 2010, each of which failed to designate the court in the caption (see exhibit B annexed to motion). Defendant initially requested, and received an extension of time to answer through March 19, 2010 (exhibit E). By letter dated March 16, 2010, three days after the statute of limitations expired, defendant’s counsel informed plaintiffs counsel that the failure to name the court in the caption constituted a jurisdictional defect, rendering the action a nullity (exhibit F). On March 22, 2010, plaintiff filed a “corrective summons” in the Rensselaer County Clerk’s Office which included a designation of “Supreme Court” in the caption.
The issue presented is whether the initial summons was jurisdictionally defective.
The court is mindful that the failure to include the name of the court in the caption has been deemed an uncorrectable, jurisdiction defect (Tamburo v P & C Food Mkts., 36 AD2d 1017 [1971]; Scott v Uljanov, 140 AD2d 830 [1988], revd in part on other grounds 74 NY2d 673 [1989]). Each of the cited cases, however, was decided prior to the enactment of CPLR 304, effective July 1, 1992, changing the definition for commencement of an action from service to filing of the pleadings. While the court recognizes that a party remains obligated to designate the court in the caption of all papers filed pursuant to CPLR 2101 (c), the advent of a commencement by filing process must be ac *811 counted for in the analysis here. There is no question that a party is statutorily entitled to due notice of the court in which an action has been commenced against that party. The point here is to account for the notice actually provided through the filing process.
Pursuant to CPLR 304 (a), an action is commenced by filing a summons and complaint “with the clerk of the court in which the action is triable” (CPLR 2102 [a]). Actions in supreme or county court must be filed with the clerk of the county where the action is brought (id.). Notably, upon filing an action in supreme or county court, the clerk must date stamp the papers and assign an index number (CPLR 304 [c]; 306-a [a]). Pursuant to CPLR 305 (a) and 2101 (c), the summons must designate the court and the venue and include the index number.
Here, the challenged summons was date stamped by the Rensselaer County Clerk as filed on January 6, 2010 and assigned index No. 00231716. Venue was also designated in the summons as based on plaintiffs residence in Rensselaer County.
The filing information outlined above reveals that the action was filed in either supreme or county court in Rensselaer County. Not to be overlooked here is that the “wherefore clause” in the complaint expressly states the claims exceed “the jurisdictional limits of all lesser New York State Courts” (exhibit B at 8 [emphasis added]). The emphasized term “all” reflects plaintiffs intent to file this action in supreme court.
Under this structure, the court finds that defendant was accorded adequate notice of the forum of this action, such that the failure to expressly designate the court is not a jurisdictional defect (see Anderson v Monticup, 124 AD2d 320 [1986]; Tobia v Town of Rockland, 106 AD2d 827 [1984]; cf. Coleman v Vansteen, 227 AD2d 919 [1996] [naming incorrect city court on summons with notice deemed jurisdictional]).
Accordingly, defendant’s motion to dismiss is denied and the court deems it appropriate to grant plaintiff leave to amend the summons to reflect Supreme Court as the court of record, all without costs (see CPLR 2101 [f]). As a final note, the court finds no basis for plaintiffs estoppel argument.