■ Eastern Concrete Materials, Inc./NYC Concrete Materials, Respondent, v DeRosa Tennis Contractors, Inc. et al.,

Defendants, and DeRosa Sports Construction, Inc., Appellant. [33 NYS3d 164]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about November 12, 2015, which denied defendant DeRosa Sports Construction, Inc.'s (DeRosa Sports) motion for summary judgment dismissing the complaint and all cross claims against it, unanimously modified, on the law, to grant the motion as to plaintiff's claim to the extent it is based on alter ego liability and the exceptions to successor liability for express or implied assumption of liability, mere continuation of the purchased corporation, and de facto merger, and otherwise affirmed, without costs.

Plaintiff had a contract with defendant DeRosa Tennis Contractors, Inc. (DeRosa Tennis), which is owned 50% by defendant Thomas DeRosa (Thomas) and 50% by nonparty Angelo Pugliese. DeRosa Tennis failed to pay the amount due plaintiff, whereupon plaintiff sued not only DeRosa Tennis, but also—as relevant to this appeal—Thomas and DeRosa Sports. DeRosa Sports is wholly owned by nonparty Mathew DeRosa (Mathew), Thomas's son. Neither Thomas nor Pugliese is an officer of DeRosa Sports, but Thomas is an employee. DeRosa Sports is in the same line of business as DeRosa Tennis. At the time Mathew formed DeRosa Sports (in January 2011), he was a full-time college student.

On March 8, 2011, DeRosa Tennis sold 21 vehicles and pieces of equipment (approximately half of its equipment) to DeRosa Sports, ostensibly for $221,785. However, the six checks from DeRosa Sports to DeRosa Tennis that were specifically identified as payment on the March 8, 2011 contract totaled only $42,306.60. Thomas signed the contract on behalf of DeRosa Tennis, and Mathew signed it on behalf of DeRosa Sports.

Insofar as plaintiff's claim against DeRosa Tennis and DeRosa Sports is based on Debtor and Creditor Law § 274 ("Every conveyance made without fair consideration when the person making it is engaged . . . in a business . . . for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors"), issues of fact exist as to the fairness of the consideration (*see Madison Hudson Assoc. v Neumann*, 4 AD3d 257 [1st Dept 2004]; *see also Wall St. Assoc. v Brodsky*, 257 AD2d 526, 528 [1st Dept 1999]). "A conveyance between family members is

subject to enhanced scrutiny" (*Sardis v Frankel*, 113 AD3d 135, 145 [1st Dept 2014]; *see also Wall St.*, 257 AD2d at 528).

DeRosa Sports's claim that it actually issued 22 checks totaling $221,785 is improperly made for the first time in its appellate reply brief (*see e.g. Shia v McFarlane*, 46 AD3d 320, 321 [1st Dept 2007]) and improperly relies on matter outside the record. We note that we denied DeRosa Sports's motion to enlarge the record (2016 NY Slip Op 67317[U] [Mar. 17, 2016]).

An issue of fact as to whether DeRosa Tennis's conveyance of vehicles and equipment to DeRosa Sports left DeRosa Tennis with "an unreasonably small capital" (Debtor and Creditor Law § 274) is presented by Thomas's testimony that DeRosa Tennis was choking with debt and "dying" and that "there was no money to pay anybody" (*see In re CNB Intl., Inc.*, 393 BR 306, 327 [Bankr WD NY 2008], *affd in part, vacated in part on other grounds* 440 BR 31 [WD NY 2010]).

Insofar as plaintiff's claim against DeRosa Tennis and DeRosa Sports is based on Debtor and Creditor Law § 276 ("Every conveyance made . . . with actual intent . . . to hinder, delay, or defraud . . . is fraudulent"), an issue of fact exists as to whether there was actual intent to defraud (*see Shisgal v Brown*, 21 AD3d 845, 847 [1st Dept 2005]). The sale of approximately half of DeRosa Tennis's equipment to DeRosa Sports bears some "badges of fraud" (*Wall St.*, 257 AD2d at 529), such as "the close relationship among the parties to the transaction" (*Matter of CIT Group / Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership*, 25 AD3d 301, 303 [1st Dept 2006]) and the fact that the transfer was not made in the usual course of business. In addition, an issue of fact exists as to the adequacy of the consideration.

Insofar as plaintiff's claim against DeRosa Sports is based on alter ego liability (i.e., piercing DeRosa Tennis's corporate veil to reach DeRosa Sports), the claim should be dismissed. DeRosa Sports is not even a shareholder of DeRosa Tennis. Even if, arguendo, alter ego liability could apply to a non-owner, plaintiff has not met the other elements thereof (*see e.g. Lowendahl v Baltimore & Ohio R.R. Co.*, 247 App Div 144, 157 [1st Dept 1936], *affd* 272 NY 360 [1936]).

Plaintiff claims that DeRosa Sports is liable as DeRosa Tennis's successor in interest because it purchased approximately half of DeRosa Tennis's assets. In general, a corporation that acquires another corporation's assets is not liable for its predecessor's contract liabilities (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]; *Kretzmer v Firesafe Prods. Corp.*, 24 AD3d 158 [1st Dept 2005]). The first three exceptions to the

rule do not avail plaintiff (*see Schumacher*, 59 NY2d at 245). Nothing in the March 8, 2011 contract indicates that DeRosa Sports agreed to assume DeRosa Tennis's liabilities. There was no de facto merger, because there was no continuity of ownership between DeRosa Tennis and DeRosa Sports (*see Matter of New York City Asbestos Litig.*, 15 AD3d 254, 256 [1st Dept 2005]). DeRosa Sports is not the mere continuation of DeRosa Tennis, because DeRosa Tennis still exists (*see Schumacher*, 59 NY2d at 245). However, by raising issues of fact as to its claims under the Debtor and Creditor Law, plaintiff raised an issue of fact as to the fraud exception to successor liability (*see Staudiger+Franke GMBH v Casey*, 2015 WL 3561409, *14, 2015 US Dist LEXIS 73912, *39 [SD NY, June 8, 2015, No. 13 Cv 6124 (JGK)]). Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.