Willis v Metropolitan Transp. Auth. (2022 NY Slip Op 01759)





Willis v Metropolitan Transp. Auth.


2022 NY Slip Op 01759


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 23864/14E Appeal No. 15530 Case No. 2021-02969 

[*1]Nicole Willis, Plaintiff-Appellant,
v
Metropolitan Transportation Authority et al., Defendants, E.E. Cruz & Company, Inc., Defendant-Respondent.


Elefterakis, Elefterakis & Panek, New York (Eileen Kaplan of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Andrew Cohen, J.), entered July 13, 2021, which denied plaintiff's motion in accordance with CPLR 305(c) to amend the supplemental summons and amended verified complaint, unanimously affirmed, without costs.
The motion court correctly denied plaintiff's motion to amend the supplemental summons and amended complaint to replace defendant E.E. Cruz & Company, Inc., with "E.E. Cruz and Tully Construction, Co., A Joint Venture, LLC" (CTJV). Plaintiff's failure to name CTJV was not a mere misdescription or misnomer. Rather, CTJV was a separate entity that did not share the named defendant's name, address, or corporate counsel; those facts were made clear in documents produced in discovery and by the witness defendant produced for deposition. Thus, plaintiff's failure to properly serve CTJV was a nonwaivable jurisdictional defect that plaintiff could not fix by amendment under CPLR 305(c) after the statute of limitations had expired (see Nossov v Hunter Mtn., 185 AD3d 948, 948-949 [2d Dept 2020]; Cardinale v Woolworth's Inc., 304 AD2d 351, 352 [1st Dept 2003]).
Plaintiff's argument based on CPLR 311-a is similarly unavailing. Plaintiff did not serve defendant personally, and service upon defendant was not likely to inform CTJV that it was being sued since defendant and CTJV were two separate entities with separate addresses (see Matter of James v iFinex Inc., 185 AD3d 22, 32 [1st Dept 2020]). Similarly, there is no basis for a finding that defendant is estopped from challenging the proposed amendment to the pleadings, as it did nothing to hide that it was a distinct entity from CTJV (see Cardinale, 304 AD2d at 352-353). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022