**Turner v Pride & Servs. El. Co., Inc.**

2024 NY Slip Op 34464(U)

December 23, 2024

Supreme Court, New York County

Docket Number: Index No. 151428/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAVID B. COHEN**                      PART                    58

*Justice*

------------------------------------------------------------------------------X

NORMA TURNER,

                                Plaintiff,

                          - v -

PRIDE & SERVICES ELEVATOR CO., INC., TRANSEL
ELEVATOR & ELECTRIC, INC., TRANSEL ELEVATOR
INDUSTRIES, INC., TEI GROUP AND ELECTRIC, INC., TEI
GROUP, INC., WEWITT LLC, KONE, INC., CEMD
ELEVATOR CORP., CEMD ELEVATOR CORP. D/B/A CITY
ELEVATOR and CITY ELEVATOR,

                                Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151428/2019 |
| MOTION DATE | 03/01/2024, 06/24/2024, 06/24/2024 |
| MOTION SEQ. NO. | 010 011 012 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 277, 278, 279, 280, 281, 282, 290, 295, 297, 298, 299, 300, 301, 316, 317, 319, 322, 323, 324, 325

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 283, 284, 285, 286, 287, 288, 289, 291, 292, 293, 294, 296, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 318, 320, 321, 326

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Motion sequence nos. 010, 011 and 012 are consolidated for disposition.

This personal injury action arises out of an accident that occurred on February 17, 2016,

when plaintiff Norma Turner tripped and fell entering an elevator that had allegedly mis-leveled.

In motion sequence no. 010, defendant Kone, Inc. (Kone) moves, pursuant to CPLR 2221, to renew

its prior motion for summary judgment dismissing the complaint.

In motion sequence no. 011, defendants CEMD Elevator Corp. and CEMD Elevator Corp.

d/b/a City Elevator (together, CEMD) move, pursuant to CPLR 3211(a)(5), to dismiss the

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**                    **Page 1 of 16**
 **Motion No.  010 011 012**

1 of 16

[* 1]

complaint as time-barred. In motion sequence no. 012, plaintiff moves, pursuant to CPLR 3212, for summary judgment on the issue of CEMD's liability.

## Factual and Procedural Background

At the time of the accident, plaintiff was employed at the Le Parker Meridien Hotel (the Hotel) located at 119 West 56th Street, New York, New York, where her duties as a "runner" involved delivering amenities to guest rooms (NYSCEF Doc No. 281, Grosinger affirmation, exhibit C, plaintiff 3/24/2023 tr at 16-17 and 26). The accident occurred around 5:40 a.m. in the Hotel's basement (*id.* at 26).

Plaintiff testified that she had been working on the fourth floor of the Hotel, unpacking boxes of soaps and lotions and preparing baskets or trays of guest amenities for the Hotel's room attendants (*id.* at 79). She entered elevator no. 8 from the fourth floor to travel to the basement to discard the empty boxes (*id.* at 81), and the elevator door opened normally (*id.* at 87), the car was level with the fourth floor (*id.* at 86), and there was nothing unusual about the elevator's operation at that time (*id.* at 87).

Plaintiff pushed the button for the basement, the door closed in a normal fashion, and the elevator began its descent (*id.* at 87 and 89-90). The door opened normally when the elevator reached the basement, and plaintiff had no difficulty walking out of the elevator as the car was level with the basement floor (*id.* at 91-92). Plaintiff carried the empty boxes out of the elevator, walked a short distance to the bin for discarded empty boxes, and threw them in (*id.* at 92-95).

As plaintiff walked back into to the elevator, she "bumped [her] right feet [sic] with the elevator" (*id.* at 78) and fell forward onto the floor of the car (*id.* at 102). At that time, she noticed the floor of the elevator car was approximately two inches above the basement floor (*id.* at 98).

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 2 of 16**

CEMD's president until September 2016 testified at a deposition that when CEMD sold its service contracts to Kone, it then wound down the construction portion of its business and ceased operations (NYSCEF Doc No. 273, Steinberg affirmation, exhibit A, Hellman tr at 10-11). CEMD had contracted with the Hotel in August 2013 to provide preventative elevator maintenance (*id.* at 13 and 22). Maintenance records, such as logbooks for the elevators CEMD serviced, were kept in each building's elevator control rooms as per New York City Code (*id.* at 18). After September 1, 2016, Kone maintained CEMD's office for a short period of time, and hard copies of its contracts and inventory become Kone's property after that date (*id.* at 17).

Kone's vice president of operations for the New York City metropolitan area testified that Kone "acquired the contracts that [CEMD] was able to assume or transfer to [Kone]," but Kone did not purchase CEMD's liabilities (NYSCEF Doc No. 275, Rosenbaum reply affirmation, exhibit A, Tomasino tr at 11). He stated that he was responsible for integrating CEMD's assets into Kone's existing business (*id.* at 17), which included hiring many of CEMD's employees, including the mechanic who serviced the Hotel's elevators (*id.* at 29-30). The vice president also testified that CEMD had previously contracted to provide elevator maintenance at the Hotel, though Kone no longer performed those services there[1] (*id.* at 15). Kone did not perform any work at the Hotel before September 1, 2016 (*id.* at 13).

As pertinent here, pursuant to an asset purchase agreement dated July 28, 2016 (the APA) between CEMD as "seller," and Kone as "buyer," CEMD agreed to sell, transfer and assign, and Kone agreed to purchase and assume, certain maintenance contracts as set forth in a schedule annexed to the APA, as of the closing date on the transaction (NYSCEF Doc No. 269, Rosenbaum

---

[1] By letter dated May 1, 2018, nonparty P M Hotel Associates, L.P. advised Kone that it had terminated the "Full Service Maintenance Contract" with "City Elevators, Inc." dated August 29, 2013 (NYSCEF Doc No. 298, Steinberg affirmation, exhibit A at 321-322).

**151428/2019  TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 3 of 16**

affirmation, exhibit N at 1-2). Section 1.02, titled "Assumed Liabilities," partially reads as follows:

> Effective as of the Closing, Buyer shall assume and agrees to perform from and after the Closing Date, Seller's executory obligations arising under the Assumed Maintenance Contracts and WIP Contracts after the Closing Date (the 'Assumed Liabilities'). The Assumed Liabilities shall not include any defense, indemnification or hold harmless obligations for third party claims asserted on account of any (i) act, omission, or breach of contract by Seller or a Shareholder prior to the Closing Date or (ii) personal injury, property damage or defective condition occurring or existing prior to the Closing Date

(*id.* at 3).

In addition, Section 2.01, titled Excluded Liabilities, states, in part:

> Buyer assumes no other obligations of Seller, including but not limited to any maintenance, construction, modernization or repair contract not being transferred to Buyer, as each is listed on Schedule 2.01(a) (the 'Excluded Contracts'), or any other contract to which Seller may be a party that Buyer has not expressly assumed pursuant to Section 1.01. … Buyer shall not be responsible for any act or omission by Seller prior to the Closing Date

(*id.*).

The APA set September 1, 2016 as the closing date on the transaction (*id.* at 19).

Plaintiff commenced this action on February 9, 2019, against defendants Pride & Service Elevator Co., Inc. (Pride), Transel Elevator & Electric, Inc., Transel Elevator Industries, Inc., TEI Group and Electric, Inc., TEI Group, Inc. (collectively, Transel/TEI), WeWitt LLC (WeWitt) and Kone[2] (NYSCEF Doc No. 256, Rosenbaum affirmation, exhibit A).

In a decision and order dated June 23, 2021, this court granted plaintiff leave to serve and file an amended complaint adding CEMD Elevator Corp., CEMD Elevator Corp. d/b/a City

---

[2] Plaintiff has discontinued her action against Pride and Transel/TEI (NYSCEF Doc No. 261, Rosenbaum affirmation, exhibit F). WeWitt has also been spelled as "WeWit" in this action.

**151428/2019  TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 4 of 16**

4 of 16

Elevator and City Elevator as defendants (NYSCEF Doc No. 163, Rosenbaum affirmation, exhibit H). The amended complaint pleads two causes of action for negligence (NYSCEF Doc No. 260, Rosenbaum affirmation, exhibit E).

After joining issue, Kone moved for summary judgment dismissing the complaint on the ground that it did not purchase or assume CEMD's liabilities. The motion was denied with leave to renew after the close of discovery (NYSCEF Doc No. 267, Rosenbaum affirmation, exhibit L).

Plaintiff filed a note of issue and certificate of readiness stating that discovery is complete (NYSCEF Doc No. 233). Kone now moves for leave to renew its prior summary judgment motion. CEMD moves to dismiss the complaint. Plaintiff moves for summary judgment on the issue of CEMD's liability.

## Discussion

It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). If the moving party meets its prima facie burden, "the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for [its] failure so to do" (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

Kone's Motion (Motion Sequence No. 010)

Kone argues that dismissal is warranted on the grounds that (1) it did not purchase or assume any of CEMD's liabilities and (2) it did not owe plaintiff a duty to maintain the elevator on the day of the accident. Plaintiff argues that Kone is liable for CEMD's actions under the de facto merger doctrine.

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 5 of 16**

5 of 16

Generally, "a corporation which acquires the assets of another is not liable for the torts of its predecessor" (*Schumacher v Richards Shear Co*., 59 NY2d 239, 244 [1983]). The four exceptions to this general rule are: "(1) [the purchasing corporation] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" (*id.* at 245, citing *Hartford Acc. & Indem. Co. v Canron, Inc.*, 43 NY2d 823, 825 [1977]).

Under these principles, Kone has demonstrated that it bears no liability to plaintiff (*see Cole, Schotz, Meisel, Forman & Leonard, P.A. v Stanton Crenshaw Communications, LLC*, 128 AD3d 604, 605 [1st Dept 2015], *lv denied* 26 NY3d 902 [2015]). Kone has shown that the first exception articulated in *Schumacher* is inapplicable (*see Eastern Concrete Materials, Inc./NYC Concrete Materials v DeRosa Tennis Contrs., Inc*., 139 AD3d 510, 513 [1st Dept 2016]), as the APA expressly states that Kone's assumed liabilities excluded any third-party claims for personal injury that occurred prior to the closing date on the transaction (NYSCEF Doc No. 269 at 3). Plaintiff's accident took place on February 17, 2016, five months after Kone and CEMD executed the APA and seven months before the September 1, 2016 closing date.

The fourth exception, likewise, is inapplicable as there is no evidence in the record to suggest that CEMD or Kone executed the APA for the purpose of escaping any potential liability to plaintiff (*see Cole, Schotz, Meisel, Forman & Leonard, P.A.*, 128 AD3d at 605).

The second and third exceptions "are based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" (*Grant-Howard Assoc. v General Housewares Corp*., 63 NY2d 291, 296 [1984]). Kone has shown that it was not a "mere

151428/2019  TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR
Motion No.  010 011 012

Page 6 of 16

[* 6]

continuation" of CEMD such that the third exception applies (*Arch Ins. Co. v Petrocelli Elec. Co., Inc.*, 196 AD3d 413, 414 [1st Dept 2021]; *Cole, Schotz, Meisel, Forman & Leonard, P.A.*, 128 AD3d at 605). The record reflects that Kone acquired only those maintenance contracts that could be transferred from CEMD (NYSCEF Doc No. 275 at 21), with CEMD retaining and then closing the construction branch of its business operations (NYSCEF Doc No. 273 at 11).

As to the second exception, upon which plaintiff relies, "[a] transaction structured as a purchase of assets may be deemed to fall within this exception as a de facto merger" (*Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp.*, 22 AD3d 750, 751 [2d Dept 2005]). Factors to consider in determining whether a de factor merger occurred include:

> continuity of ownership; (2) cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction; (3) the buyer's assumption of the liabilities ordinarily necessary for the uninterrupted continuation of the seller's business; and (4) continuity of management, personnel, physical location, assets and general business operation

(*Matter of New York City Asbestos Litig.*, 15 AD3d 254, 255-256 [1st Dept 2005]).

Legal dissolution of the predecessor entity is unnecessary "if that entity is shorn of its assets and has become, in essence, a shell" (*id.* at 257 [internal quotation marks citation omitted]). No one factor is determinative (*id.* at 256; *see also Sweatland v Park Corp.*, 181 AD2d 243, 246 [4th Dept 1992]), as "[t]hese factors are analyzed in a flexible manner that disregards mere questions of form and asks whether, in substance, it was the intent of the successor to absorb and continue the operation of the predecessor" (*Matter of AT&S Transp., LLC*, 22 AD3d at 752).

An essential element of the de facto merger doctrine is continuity of ownership (*Matter of Berisha v 4042 E. Tremont Café, Corp.*, 220 AD3d 608, 610 [1st Dept 2023]). In the present case, plaintiff has failed to plead or prove continuity of ownership between CEMD and Kone (*id.*).

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 7 of 16**

7 of 16

[* 7]

CEMD's president testified that he worked for Kone for one year following the closing date (NYSCEF Doc No. 273 at 10), and he did not state whether he became a direct or indirect owner or shareholder in Kone (*see Oorah, Inc. v Covista Communications, Inc.*, 139 AD3d 444, 445 [1st Dept 2016]).

Furthermore, despite purchasing the goodwill associated with CEMD (NYSCEF Doc No. 269 at 1), Kone's vice president testified that Kone hired most, but not all, of CEMD's employees (NYSCEF Doc No. 275 at 29). These facts are insufficient to establish a de facto merger (*see Highland Crusader Offshore Partners, L.P. v Celtic Pharma Phinco B.V.*, 205 AD3d 520, 523 [1st Dept 2022]; *Cole, Schotz, Meisel, Forman & Leonard, P.A.*, 128 AD3d at 605). As such, plaintiff has failed to raise a triable issue of fact, and Kone's motion for summary judgment is granted.

CEMD's Motion (Motion Sequence No. 011)

CEMD argues that the action is time-barred and must be dismissed. CEMD's former president avers that CEMD has no business relationship with WeWitt, which is a separate entity formed by a former CEMD employee, and that CEMD is not united in interest with WeWitt (NYSCEF Doc No. 279, Grosinger affirmation, exhibit A, Hellman aff, ¶ 4). He further attests that CEMD and WeWitt do not share offices, records, business or banking accounts (*id.*, ¶ 5). In addition, the former president states that he, and not CEMD's former employee, had been designated as CEMD's agent for service of process with the Secretary of State (*id.*).

Plaintiff responds that the law of the case doctrine bars CEMD from moving for dismissal on the ground that the statute of limitations has expired.

A party moving to dismiss an action as time-barred under CPLR 3211(a)(5) bears the burden of demonstrating that the time in which to sue has expired (*MTGLQ Invs., LP v Wozencraft*, 172 AD3d 644, 644-645 [1st Dept 2019], *lv dismissed* 34 NY3d 1010 [2019]; *Benn v Benn*, 82

**151428/2019  TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No. 010 011 012**

**Page 8 of 16**

8 of 16

AD3d 548, 548 [1st Dept 2011]). The party opposing the motion bears the burden of raising a question of fact as to whether the limitations period has been tolled, that an exception to the limitations period applies, or that it timely commenced the action (*Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP*, 188 AD3d 530, 531 [1st Dept 2020]).

A three-year statute of limitations governs personal injury actions (*see* CPLR 214 [5]), and a cause of action for negligence begins to accrue from the date the plaintiff was injured (*Noe v Lynch*, 224 AD3d 511, 512 [1st Dept 2024], *lv denied* 42 NY3d 904 [2024]; *St. Rose v Thompson*, 201 AD3d 765, 766 [2d Dept 2022]). It is not disputed that plaintiff's accident occurred on February 17, 2016, that plaintiff commenced this action on February 9, 2019, and that plaintiff did not name CEMD as a defendant until 2021. Thus, CEMD has established that plaintiff failed to timely commence this action against it.

Nevertheless, plaintiff maintains that the law of the case doctrine compels denial of CEMD's motion because in granting her motion to amend, the court, in effect, determined that the action had been timely commenced against CEMD.

"The law of the case doctrine 'is a rule of practice premised upon sound policy that once an issue is judicially determined, further litigation of that issue should be precluded in a particular case'" (*Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc.*, 227 AD3d 487, 487 [1st Dept 2024], *lv dismissed* — NY3d —, 2024 NY Slip Op 79057 [2024] [internal citation omitted]). The doctrine applies to legal determinations decided on the merits (*47 E. 34th St. [NY] L.P. v BridgeStreet Worldwide, Inc.*, 219 AD3d 1196, 1201 [1st Dept 2023]) and is meant to "prevent the parties or those in privity from relitigating an issue decided in an ongoing action where there previously was a full and fair opportunity to address the issue'" (*Teshabaeva*, 22 AD3d at 487 [internal citation omitted]).

151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR
Motion No.  010 011 012

Page 9 of 16

[* 9]

In January 2021, plaintiff moved for leave to serve and file an amended complaint adding CEMD as a defendant, arguing, in part, that her naming WeWitt as a defendant instead of CEMD involved a simple misnomer (NYSCEF Doc No. 163 at 2). She also argued that CEMD was not prejudiced by the delay because (1) WeWitt and CEMD shared common ownership, and (2) WeWitt's principal and a former shareholder in CEMD had been on notice of the action as WeWitt had been served with the initial complaint and had notified CEMD's insurance carrier (*id.* at 2-3). While the motion for leave to amend was granted, there is no discussion in the decision about the statute of limitations (NYSCEF Doc Nos. 164-166).

Contrary to plaintiff's contention, the law of the case doctrine is inapplicable as CEMD did not have a full and fair opportunity to litigate plaintiff's prior motion. CEMD was never served with the notice of motion (NYSCEF Doc No. 123; NYSCEF Doc No. 324, Grosinger reply affirmation, exhibit A), and while Kone opposed plaintiff's prior application (NYSCEF Doc Nos. 146-147; NYSCEF Doc No. 299, Steinberg affirmation, exhibit B), CEMD and Kone are not in privity with each other. Privity related to the law of the case doctrine exists where "the interests of the nonparty can be said to have been represented in the prior proceeding" (*Matter of Midland Ins. Co.*, 71 AD3d 221, 225 [1st Dept 2010], *revd on other grounds* 16 NY3d 536 [2011], citing *Green v Santa Fe Indus.*, 70 NY2d 244, 254 [1987]). As explained previously, Kone did not purchase or assume CEMD's liabilities for third-party personal injury claims that arose prior to the September 1, 2016 closing date, and Kone did not begin servicing the Hotel's elevators until after that date (*compare NYP Holdings, Inc. v McClier Corp.*, 83 AD3d 426, 427 [1st Dept 2011] [applying the law of case doctrine where the third-party defendants' interests were identical]). Nor is CEMD in privity with WeWitt, discussed *infra*.

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 10 of 16**

[* 10]

10 of 16

Contrary to plaintiff's contention, her prior motion to amend was not merely an application to correct an inadvertent misnomer. "[A]mendments are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (*Creative Cabinet Corp. of Am. v Future Visions Computer Store*, 140 AD2d 483, 484-485 [2d Dept 1988]; *see also Fink v Regent Hotel*, 234 AD2d 39, 41 [1st Dept 1996] [stating that amending the summons is proper "where there is some apparent misdescription or misnomer on the process actually served which would justify the conclusions that the plaintiff issued the process against the correct party, but under a misnomer, and that the process fairly apprised the entity that plaintiff intended to seek a judgment against it"]). In sum, an amendment to correct a misnomer may be granted only if the court has jurisdiction over the proper party (*Matter of Tsoumpas 1105 Lexington Equities, LLC v 1109 Lexington Ave. LLC*, 189 AD3d 524, 525 [1st Dept 2020]), i.e. the correct defendant had been properly served (*Chambers v Prug*, 162 AD3d 974, 974 [2d Dept 2018]).

Here, plaintiff served the original summons and complaint upon WeWitt, but, as has been acknowledged, WeWitt is a separate legal entity from CEMD (NYSCEF Doc No. 297, Steinberg affirmation, ¶ 10; NYSCEF Doc No. 279, ¶ 4; NYSCEF Doc No. 280, Grosinger affirmation, exhibit B). Plaintiff's contention that WeWitt's president accepted service on CEMD's behalf is unavailing. First, the president was not personally served, since the affidavit of service shows that service of process was made upon another person identified as WeWitt's manager (NYSCEF Doc No. 2), and there is no evidence to suggest that the manager was authorized to accept service for CEMD (*see Smith v Giuffre Hyundai, Ltd*., 60 AD3d 1040, 1042 [2d Dept 2009]; *see also* CPLR 311 [a] [1]).

151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR
Motion No.  010 011 012

Page 11 of 16

11 of 16

That the Secretary of State may have forwarded the summons and complaint it received on WeWitt's behalf (NYSCEF Doc No. 9) to the address WeWitt had designated for mailing process is similarly unavailing, since plaintiff has not shown that this is the same forwarding address CEMD had provided to the Secretary of State. A printout from the New York State Department of State, Division of Corporations, reveals that CEMD, which is still registered as an "active" corporation, had advised the Secretary of State that process should be mailed to 1384 Broadway, 21st Fl, New York, New York 10018 (NYSCEF Doc No. 325, Grosinger reply affirmation, exhibit B). A similar printout shows that the Secretary of State had listed 295 Miles Avenue, Staten Island, New York 10308, as the address where process it received on WeWitt's behalf would be sent (NYSCEF Doc No. 298 at 219). In any event, service of process upon the Secretary of State establishes jurisdiction only "over the named party" (*Smith*, 60 AD3d at 1042), which, in this case, is WeWitt.

Plaintiff next contends that WeWitt's president notified CEMD's insurance carrier of the action, but this is also insufficient to establish that jurisdiction had been acquired over CEMD, since "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (*Feinstein v Bergner*, 48 NY2d 234, 241 [1979]). Thus, even if plaintiff properly effectuated service on WeWitt, it does not equate to the court acquiring jurisdiction over CEMD (*see Willis v Metropolitan Transp. Auth.*, 203 AD3d 532, 532-533 [1st Dept 2022]; *Nossov v Hunter Mtn.*, 185 AD3d 948, 949 [2d Dept 2020]).

*Lunn v Holiday Corp.* (167 AD2d 818 [4th Dept 1990]), cited by plaintiff, is inapposite. Counter to plaintiff's assertion, there the Court reserved decision on whether to permit the plaintiff to amend the summons and complaint to correct a purported misnomer, and instead remitted the matter to the trial court to hear and determine whether the person upon whom the summons and

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 12 of 16**

12 of 16

[* 12]

complaint were delivered was authorized to accept service on behalf of the proposed defendant under CPLR 311 (*id.*). Only after the hearing was held did the Court find that service was properly made upon the proposed defendant because the person served was authorized to accept service for both the already-named defendant and the proposed defendant (*Lunn v Holiday Corp*., 181 AD2d 1037, 1037-1038 [4th Dept 1992]). Such is not the case here where CEMD "did not share the named defendant's name, address, or corporate counsel" (*Willis*, 203 AD3d at 533), and where plaintiff has not refuted CEMD's contention that WeWitt's president had not been designated its agent for service of process.

To the extent that plaintiff complains that CEMD has not raised improper service as an affirmative defense in its answer, plaintiff did not serve CEMD with process until after this court granted the motion to amend. Had plaintiff's inadvertent mistake in naming WeWitt been a true misnomer, then there would have been no need to serve CEMD with a supplemental summons and amended verified complaint as jurisdiction would have already been acquired over CEMD.

Plaintiff also does not address CEMD's contention that the relation back doctrine is inapplicable. The relation back doctrine, codified in CPLR 203(f) (*O'Halloran v Metropolitan Transp. Auth.*, 154 AD3d 83, 86 [1st Dept 2017]), allows a plaintiff to correct a pleading error by adding a new claim or party after the statute of limitations has expired upon a showing that:

> (1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well

**151428/2019  TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 13 of 16**

13 of 16

(*Buran v Coupal*, 87 NY2d 173, 178 [1995], quoting *Brock v Bua*, 83 AD2d 61, 69 [2d Dept 1981]).  The plaintiff bears the burden of establishing the doctrine's applicability by showing that each of the above three conditions have been met (*Ramirez v Elias-Tejada*, 168 AD3d 401, 403 [1st Dept 2019]; *Anderson v Montefiore Med. Ctr.*, 41 AD3d 105, 107 [1st Dept 2007]).

Parties are "united in interest" when there is "some relationship between the parties giving rise to vicarious liability of one for the conduct of the other" (*Valmon v 4 M & M Corp.*, 291 AD2d 343, 344 [1st Dept 2002], *lv denied* 98 NY2d 611 [2002], citing *Vanderburg v Broman*, 231 AD2d 146, 147 [1st Dept 1997]).  "Their interests must be 'such that they stand or fall together and that judgment against one will similarly affect the other'" (*Lord Day & Lord, Barrett, Smith v Broadwall Mgmt. Corp.*, 301 AD2d 362, 363 [1st Dept 2003], quoting *Connell v Hayden*, 83 AD2d 30, 40 [2d Dept 1981]).  There is no unity of interest "if there is a possibility that the new defendants may have a defense unavailable to the original defendants" (*Higgins v City of New York*, 144 AD3d 511, 513 [1st Dept 2016]).

Here, plaintiff cannot satisfy the second condition of the relation back doctrine (*see Jaliman v D.H. Blair & Co., Inc.*, 105 AD3d 646, 648 [1st Dept 2013]).  There is no evidence that WeWitt and CEMD are vicariously liable for each other's actions, even if WeWitt's president was a former CEMD officer and shareholder (*id.*; *Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105, 106 [1st Dept 2002] [finding that the defendant and proposed defendant were not united in interest even though they shared common shareholders, officers and a comptroller]).

Furthermore, WeWitt has adamantly maintained throughout this litigation that it did not inspect or maintain the elevator involved in plaintiff's accident and did not come into existence until well after plaintiff's accident (NYSCEF Doc No. 298 at 135-145).  Although plaintiff claims that she had moved to amend the complaint before WeWitt's attorney notified her that CEMD was

151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR
Motion No.  010 011 012

Page 14 of 16

14 of 16

[* 14]

the correct defendant, WeWitt's attorney informed plaintiff's counsel in May 2019 that CEMD held the elevator service contract with the Hotel (*id.* at and 209-218), but plaintiff did not move to amend the complaint until more than one year later. Thus, CEMD's motion to dismiss the complaint is granted.

Plaintiff's Motion (Motion Sequence No. 012)

In view of the dismissal of the action against CEMD, plaintiff's motion for partial summary judgment on the issue of CEMD's liability for the accident is denied.

Accordingly, it is hereby

ORDERED that the motion brought by defendant Kone, Inc. for leave to renew its prior motion for summary judgment (motion sequence no. 010) is granted, and upon granting renewal, said defendant's motion for summary judgment dismissing the complaint is granted, and the complaint and any cross-claims against it are severed and dismissed; and it is further

ORDERED that the motion brought by defendants CEMD Elevator Corp. and CEMD Elevator Corp. d/b/a City Elevator to dismiss the complaint (motion sequence no. 011) is granted, and the complaint and any cross-claims against it are severed and dismissed; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendants Kone, Inc. and CEMD Elevator Corp. and CEMD Elevator Corp. d/b/a City Elevator dismissing the claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the motion brought by plaintiff Norma Turner for partial summary judgment on the issue of the liability of defendants CEMD Elevator Corp., CEMD Elevator Corp. D/B/A City Elevator and City Elevator (motion sequence no. 012) is denied as academic; and it is further

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 15 of 16**

15 of 16

ORDERED that the remaining parties appear for a settlement/trial scheduling conference on March 26, 2025 at 10 am, at 71 Thomas Street, Room 305, New York, New York.

20241223124101DBCOHEN321C4D1529794898822A3472F6A4D358

**12/23/2024**
**DATE**

**DAVID B. COHEN, J.S.C.**

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**151428/2019   TURNER, NORMA vs. PRIDE & SERVICES ELEVATOR**
**Motion No.  010 011 012**

**Page 16 of 16**

[* 16]