Henry v Tao Group LLC (2025 NY Slip Op 06267)

Henry v Tao Group LLC

2025 NY Slip Op 06267

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Rosado, Hagler, JJ. 

Index No. 154747/18|Appeal No. 5164|Case No. 2024-05472|

[*1]Nicole Henry et al., Plaintiffs-Appellants,
v
Tao Group LLC, Defendant-Respondent. BD Stanhope LLC, Nonparty-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Clyde & Co US LLP, New York (Thomas J. Maroney of counsel), for Tao Group LLC, respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 9, 2024, which denied plaintiffs' motion pursuant to CPLR 305(c) to amend the summons and verified complaint to substitute nonparty BD Stanhope LLC for defendant, and in effect vacating a judgment, same court (Adam Silvera, J.), entered June 21, 2023, upon a decision after inquest, in favor of plaintiffs and against defendant, and thereupon to extend BD Stanhope's time to answer the complaint, unanimously affirmed, without costs.
Supreme Court properly denied plaintiffs' motion to amend the summons and verified complaint to replace defendant TAO Group LLC with BD Stanhope LLC because BD Stanhope was never properly served and the statute of limitations on plaintiffs' claim had expired. Plaintiffs' failure to name BD Stanhope was not a mere mistake in defendant's name (see Marte v Graber, 58 AD3d 1, 4 [1st Dept 2008]). Rather, plaintiffs served the summons and complaint on defendant only via the New York State Secretary of State (CPLR 311-a [a]; Limited Liability Company Law § 303 [a] [1]), and plaintiffs do not dispute BD Stanhope's representation that it, the entity that should have been named as the defendant in this action, has nothing to do with defendant. Although CPLR 305(c) may be utilized to correct the name of an existing defendant, it cannot be used to add or substitute a party defendant (see Hart v Marriott Intl., 304 AD2d 1057, 1059 [3d Dept 2003]) nor can it be utilized where the court never acquired jurisdiction over that party to begin with (see Coleman v Vansteen, 227 AD2d 919, 920 [4th Dept 1996]). Thus, plaintiffs' failure to properly serve BD Stanhope "was a nonwaivable jurisdictional defect that plaintiff[s] could not fix by amendment under CPLR 305 (c) after the statute of limitations had expired" (Willis v Metropolitan Transp. Auth., 203 AD3d 532, 532 [1st Dept 2022]).
In view of the foregoing, the remaining arguments concerning whether BD Stanhope would be prejudiced by granting the amendment are academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025